John L. Riccio
122 King Phillip Drive
North Kingstown, RI 02852
Tel: (401) 829-1995

Atty. In Pro Per

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | ( Criminal Case No. 07-012T |
| | ( |
| Plaintiff | (DEFENDANT'S EX PARTE DEMAND FOR AN |
| | (IMMEDIATE MARSDEN HEARING IN |
| Vs. | ( CHAMBERS TO REMOVE FEDERAL |
| | (DEFENDER FOR CAUSE, TO REPRESENT |
| JOHN L. RICCIO | (MYSELF AS ATTY. IN PRO PER WITH |
| | (STANDBY CONTRACT ATTY., & DEMAND |
| | (FOR PRETRIAL MOTIONS HEARING PER U.S. |
| Defendant | (CONSTITUTIONAL RIGHT OF DUE PROCESS |
| | (Ex Parte Hearing: May 3, 2007 |
| | (Time: 8:30 A.M. or as soon after as possible |
| | (Judge: Honorable Ernest C. Torres |

Defendant John L. Riccio comes to this Court to present Defendant's Ex Parte Demand For An Immediate Marsden Hearing In Chambers To Remove Federal Defender Kevin J. Fitzgerald "For Cause", To Represent Myself As Atty. In Pro Per with Court Appointed Contract Stand-By Attorney, & Demand For Pretrial Motions Hearing Per U.S. Constitutional Right of Due Process. The Defendant asks for several choices to interview and then decide. The Defendant likes and respects Attorney Kevin J. Fitzgerald as a likeable Person, but the Defendant strongly disagrees with his Refusal to Prepare Any Strong Defense using the Strong Legal Defense Evidence that the Defendant has Available. He has repeatedly recommended from day one for the Defendant to Plead Guilty. The Defendant is innocent and has the presumption of innocence in our legal

system. His Recommendation is an Affront to My Innocence, My Constitutional Right of Due Process, and My Civil Rights. Furthermore, I deserve a Vigorous Defense, not a Roll Over Defense to make the Federal prosecutor look good at my expense. His Attitude of Demanding that I Admit My Guilt is a Violation of His Oath of Office and My Constitutional Right to Present a Strong Defense. **I have a Constitutional Right to Represent Myself.** (See Exhibit A of April 26, 2007 Letter to Defender Atty. Fitzgerald) This Letter is Prima Facie Evidence of Atty. Fitzgerald's attitude and lack of willingness to Properly and Competently Defend the Defendant.

. It is worth noting that Defense Atty. Kevin Fitzgerald has not supplied the Defendant to date with Most Evidence that should be made available from the federal prosecutor. The Defendant has only received a few Exhibits versus 100% of All Evidence and Witnesses that are going to be used against him. The U.S. Prosecutor said he was too busy. If he is too busy, then the Defendant has a Legal Right to have the Case Dismissed for Violation of Presenting Legal Evidence to the Defendant. The Defendant has not received copies of Any Filings that were filed by either the U.S. Prosecutor or Atty. Kevin Fitzgerald. . If any filings were filed, this is Totally Unacceptable to the Defendant who Demands to be involved in his own case. **The U.S. Prosecutor's Refusal to provide Discovery Evidence to be used At Trial is a clear Violation of F.R.C.P. Rule 26(a) Required Disclosures. (1) Initial Disclosures. "A Party MUST, without awaiting a Discovery Request, provide to Other Parties: (A) Name, address etc. of each Individual likely to have Discoverable Information that the disclosing party may use to support its claims or defenses. (B) Copy of, or description by Category and Location of all Documents that the Disclosing Party may use to**

**support its Claims or Defenses. (C) Computation of any Category of Damages claimed by the Disclosing Party. (D) Any Insurance Policy that might be used for satisfying part or all of a Judgment for Unlawful Arrest, False Imprisonment, and Malicious Prosecution. These Disclosures MUST be made at or within 14 days after the Rule 26(f) conference unless a different time is set by Stipulation or Court Order. Any Party first served or otherwise joined after the Rule 26(f) conference must make these disclosures within 30 days after being served or joined unless a different time is set by Stipulation or Court Order. The U.S. Prosecutor is GUILTY OF WITHHOLDING EVIDENCE FROM THE DEFENDANT. If the Prosecutor does not present the Evidence to the Defendant for his Review at least 30 days before Trial, the Prosecutor cannot use that Evidence At Trial or the Defendant's Constitutional Right of Due Process will be Grossly Violated.** The Defendant has not been notified of any pre-trial dates including the required Pretrial Motions Hearing Date. The Defendant has 4 Motions regarding his Constitutional Rights plus a Motion To Dismiss that MUST Be Heard Before Trial. **The Defendant believes the Total Silence by Atty. Fitzgerald to advance his case defensively shows a lack of Interest and Incompetence in the Case, thus Violating the Defendant's Constitutional Rights. Atty. Fitzgerald only wants the Defendant to Admit Guilt/Agree with the Prosecutor, so he will have a minimum preparation.**

The Defendant has a Constitutional Right to Examine All Legal Evidence and Witnesses that are going to be used against him At Trial. So far, all that has been presented is the Opinion of an Attorney that is Not Admissible as Evidence in Court, so sayeth the U.S. Supreme Court. (See Exhibit B Page 17-18 Richard Cornforth Re

Opinion of Atty.) The Defendant is Demanding a Full and Precise Wording of U.S.C. Sect. 1001. Just stating the Statute is about making a False Statement is both Misleading and Totally Incomplete. **Any False Statement MUST Be Both a Materially False Statement under the Statute and also it MUST Have Caused Someone To Be Damaged. Under Common Law, "Someone MUST Be Damaged and there MUST Be a Competent Witness", not the Opinion of a Prosecutor. Without a Copy of 18 U.S.C. Sect. 1001, it is impossible to know the Precise Criteria that MUST Be Met by the U.S. Prosecutor. The Defendant has a Legal Right to know What Has To Be Proven.**

The Defendant has a Constitutional Right to Represent Himself if the Federal Defender refuses to put up an Aggressive and Powerful Defense that is available and necessary to win this Case. Since it is the Defendant's Freedom that is at stake, the Defendant has chosen to follow the Powerful Known Defenses that are backed with Fact and Law plus being Assisted by a Legal Consultant who has a strong legal background in the Legal Issues of the Case. This is in addition to the Defendant's Constitutional Right to have a Court Appointed Contract Stand-By Defender to Assist When It Is Needed.

CONCLUSION: Please Notify the Defendant if 8:30 A.M. May 3, 2007 Marsden Hearing In Chambers or later that Morning is Not Acceptable to the Court for this Exparte Hearing In Chambers. The Defendant Demands that the Marsden Hearing take place before any other hearing of any kind takes place in the Instant Case and that he has adequate time to Prepare For Each Hearing and the Trial. The Defendant has been told by a very knowledgeable source that Marsden Hearings usually take place in the Judge's Chambers

Dated: May 1, 2007

Respectfully submitted

John L. Riccio Atty. In Pro Per

## CERTIFICATE OF SERVICE

**I certify** that a true and correct coy of the foregoing Marsden Hearing Demand was Mailed on May 2, 2007.

Mr. Kevin J. Fitzgerald
Assist. Federal Defender
Federal Defender Office
District of Rhode Island
10 Weybosset Street, 3rd Floor
Providence, RI 02903

Ex Parte

John Riccio

## CERTIFICATE OF SERVICE

**I certify** that a true and correct coy of the foregoing Marsden Hearing Demand was Mailed on May 2, 2007.

Mr. Robert Clark Corrente
United States Attorney
Federal Prosecutors Office
United States District Court
District of Rhode Island
Providence, RI 02903

Ex Parte

John Riccio