jurisdiction has the burden of showing that it exists on the record. Once the court has knowledge that subject matter is lacking, the court (meaning the judge) has no discretion but to dismiss the action. Failure to dismiss means that the court is proceeding in clear absence of all jurisdiction and subjects the judge to suit. Contemplation of subject matter jurisdiction harkens to the memory of Vince Lombardi, who when ask if winning was everything replied, "winning is the only thing." Personal jurisdiction is not usually an issue, but subject matter jurisdiction is always, always an issue! Subject matter jurisdiction is not everything, it's the only thing! Incidentally, ***in rem*** is the power of a court over a thing so that its jurisdiction is valid against the rights of every person having an interest in the thing; ***quasi in rem*** gives the court jurisdiction over a property interest but only to the limit of the interest in the property and not the property entirely.

**Attorneys can't testify. Statements of counsel in brief or in oral argument are not facts before the court.**

This finding of a continuing investigation, which forms the foundation of the majority opinion, comes from ***statements*** of ***counsel*** made during the appellate process. As we have said of other un-sworn statements which were not part of the record and therefore could not have been considered by the trial court: "Manifestly, [such statements] cannot be properly considered by us in the disposition of [a] case." *UNITED STATES v. LOVASCO* (06/09/77) 431 U.S. 783, 97 S. Ct. 2044, 52 L. Ed. 2d 752, Under no possible view, however, of the findings we are considering can they be held to constitute a compliance with the statute, since they merely embody conflicting ***statements*** of ***counsel*** concerning the facts as they suppose them to be and their appreciation of the law which they deem applicable, there being, therefore, no attempt whatever to state the ultimate facts by a consideration of which we would be able to conclude whether or not the judgment was warranted. *GONZALES v. BUIST.* (04/01/12) 224 U.S. 126, 56 L. Ed. 693, 32 S. Ct. 463. No instruction was asked, but, as we have said, the judge told the jury that they were to regard only the evidence admitted by him, not ***statements*** of ***counsel***, *HOLT v. UNITED STATES.* (10/31/10) 218 U.S. 245, 54 L. Ed. 1021, 31 S. Ct. 2, Care has been taken, however, in summoning witnesses to testify, to call no man whose character or whose word could be successfully impeached by any methods known to the law. And it is remarkable, we submit, that in a case of this magnitude, with every means and resource at their command, the complainants, after years of effort and search in near and in the most remote paths, and in every collateral by-way, now rest the charges of conspiracy and of gullibility against these witnesses, only upon the bare ***statements*** of ***counsel***. The lives of all the witnesses are clean, their characters for truth and veracity un-assailed, and the evidence of any attempt to influence the memory or the impressions of any

man called, cannot be successfully pointed out in this record. *TELEPHONE CASES. DOLBEAR v. AMERICAN BELL TELEPHONE COMPANY. MOLECULAR TELEPHONE COMPANY V. AMERICAN BELL TELEPHONE COMPANY. AMERICAN BELL TELEPHONE COMPANY V. MOLECULAR TELEPHONE COMPANY. CLAY COMMERCIAL TELEPHONE COMPANY V. AMERICAN BELL TELEPHONE COMPANY. PEOPLE'S TELEPHONE COMPANY V. AMERICAN BELL TELEPHONE COMPANY. OVERLAND TELEPHONE COMPANY V. AMERICAN BELL TELEPHONE COMPANY.* (PART TWO THREE) (03/19/88) 126 U.S. 1, 31 L. Ed. 863, 8 S. Ct. 778. Statements of counsel in brief or in argument are not sufficient for motion to dismiss or for summary judgment, *Trinsey v. Pagliaro,* D. C. Pa. 1964, 229 F. Supp. 647. Factual statements or documents appearing only in briefs shall not be deemed to be a part of the record in the case, unless specifically permitted by the Court – Oklahoma Court Rules and Procedure, Federal local rule 7.1(h).

Supreme Ct. Case

## SECTION TWO: The law of voids

### EVERYTHING YOU ALWAYS WANTED TO KNOW ABOUT VOID JUDGMENTS BUT WERE AFRAID TO ASK!

Void judgments are those rendered by a court which lacked jurisdiction, either of the subject matter or the parties, *Wahl v. Round Valley Bank* 38 Ariz. 411, 300 P. 955 (1931); *Tube City Mining & Milling Co. v. Otterson,* 16 Ariz. 305, 146 P. 203 (1914); and *Milliken v. Meyer,* 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 2d 278 (1940). A void judgment which includes judgment entered by a court which lacks jurisdiction over the parties or the subject matter, or lacks inherent power to enter the particular judgment, or an order procured by fraud, can be attacked at any time, in any court, either directly or collaterally, provided that the party is properly before the court, *Long v. Shorebank Development Corp.,* 182 F.3d 548 ( C.A. 7 Ill. 1999). A void judgment is one which, from its inception, was a complete nullity and without legal effect, *Lubben v. Selevtive Service System Local Bd. No. 27,* 453 F.2d 645, 14 A.L.R. Fed. 298 (C.A. 1 Mass. 1972). A void judgment is one which from the beginning was complete nullity and without any legal effect, *Hobbs v. U.S. Office of Personnel Management,* 485 F.Supp. 456 (M.D. Fla. 1980). Void judgment is one that, from its inception, is complete nullity and without legal effect, *Holstein v. City of Chicago,* 803 F.Supp. 205, reconsideration denied 149 F.R.D. 147, affirmed 29 F.3d 1145 (N.D. Ill 1992). Void judgment is one where court lacked personal or subject matter jurisdiction or entry of order violated due process, U.S.C.A. Const. Amend. 5 – *Triad Energy Corp. v. McNell* 110 F.R.D. 382 (S.D.N.Y. 1986). Judgment is a void judgment if court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or acted in a manner