Thus, where an arrest is made without warrant, in a case not involving a felony or breach of peace, the arrest is unlawful. "Arrest without warrant where a warrant is required, is not due process of law, and arbitrary or despotic power no man possesses under our system of government." Thus when "a police officer exceeds his powers in making an arrest he becomes a trespasser" and he is liable for false imprisonment. *Muscoe v. Commonwealth,* 86 Va. 443, 10 S.E. 534, 536.

For other authorities on this matter see: 1 Am. Law Rep., Anno., 585, et. seq.; *Com. v. Carey,* 12 Cush. 246 (Mass., 1853); 6A C.J.S., 'Arrest' § 10, p. 17; Anderson, *A Treatise on the Law of Sheriffs,* Vol. I, § 166 (1941); *Hill v. Day,* 168 Kan. 604, 215 P.2d 219; *Lee v. State,* 45 Tex. Cr. R. 94, 74 S.W. 28 (1903); 22 Mich. Law Review 673, 703-707; *Ulvestad v. Dolphin,* 278 P. 681, 684 (Wash. 1929); *In re Kellam,* 55 Kan. 700, 41 P. 960, 961 (1895); *Pavish v. Meyers,* 225 Pac. 633 (Wash., 1924); *Delafoile v. State,* 54 N.J.L. 381, 24 Atl. 557, 558 (1892); *Giroux v. The State,* 40 Tex. 99, 104 (1874); (1892); *Staker v. U.S.,* 2 F.2d 312, 314 (1925); *Porter v. State,* 52 S.E. 283, 285 (Ga. 1905); *Cave .v Cooley,* 152 P.2d 886 (N.M.).

## CONCLUSIONS.

It is a maxim of law that, *"Liberty is more favored than all things"* (Dig. 50, 17, 122). Thus the law favors liberty above all things and applies the most liberal interpretation to it. The common law rule regarding the procedure and process for arrest was established in this country. In *Allor v. Wayne Co.,* 43 Mich. 76, 97, 4 N.W. 492, 495-96 (1880), Mr. Justice Campbell says:

> The constitution has also provided that no one shall be deprived of liberty without due process of law, and has provided that no warrant shall issue except upon oath or affirmation establishing probable cause. It has been settled for centuries, and the doctrine has been recognized here, that except in cases of reasonable belief of treason or felony, or breach of the peace committed in presence of an officer, there is no due process of law without a warrant issued by a court or magistrate upon a proper showing or finding.

It is thus fundamental that "the due process clause of the Constitution protects the citizen from unlawful arrests." *State v. Quinn,* 97 S.E. 62, 64, (S.C. 1918). By the common law, which is that law due process guarantees, a citizen cannot be summarily arrested when he is found violating a law that is only a misdemeanor. A warrant must first be acquired to arrest such a person pursuant to due process of law. If that which constitutes due process of law is made to depend upon the will of the legislature as expressed in a statute or charter, then no fundamental principles of law or rights are perpetuated or secured against abrogation.

An arrest is a deprivation of one's liberty. The State Constitution requires that, *"No person shall . . . be deprived of life, liberty or property without due process of law"* (Minn. Const. Art. I, Sec. 7). The procedure for arrest under the common law is what constitutes 'due process' today, as the Minnesota Supreme Court held:

> What is due process of law is usually a traditional or historical question. Was it due process of law under the common law, and did it remain such up to the time of adopting the constitution. *C.N. Nelson Lumber Co. v. M'Kinnon,* 61 Minn. 219, 222.

The law is very jealous of the liberty of the citizen. Where the offense is less serious, the greater the formality prescribed for the exercise of the power which can deprive the citizen of his liberty. *Porter v. State,* 124 Ga. 297, 52 S.E. 283, 285 (1905). The citizen cannot be summarily deprived of his liberty because of his infraction of some ordinance or statute, unless at common law he was liable to arrest. The misdemeanor traffic statute involved in this case is such that it does not allow the Defendant to arrest the Plaintiff without the formality of a warrant. Therefore, the Defendant is guilty of false imprisonment for arresting the Plaintiff without authority of law.

The foregoing proves that the common law surrounding arrests was always recognized in this country and is thus a requirement for 'due process' in depriving the Plaintiff of his liberty. It is the "law of the land." As such, these principles are constitutional mandates and cannot be abrogated by mere statutes.

Respectfully submitted and
stated, Juris et de jure, by,

______________________

Charles A. Weisman
11751 W. River Hills Dr.
Burnsville, Minnesota

# 4

# BREACH OF THE PEACE & FELONY ARRESTS

### What Is A Breach Of The Peace?

A breach of the peace may be generally defined as a violation of the public order which amounts to a disturbance of the public tranquillity, or by inciting others to do so. It is clear that not every misdemeanor is a breach of the peace.

To constitute a breach of the peace there must be some violence or harm existing or threatened to occur to person, property, health or morals. Affrays, assaults, riotous conduct or destruction of property make up the largest part of what can be called a breach of the peace. Thus in the majority of cases of a breach of peace some actual violence is present.

In some States there has been attempts to expand the meaning of "breach of peace" to include all indictable misdemeanors; "but this it must be confessed is doing serious violence to a simple expression, easily and well understood."[1]

Some of the types of breaches of the peace are described as follows:

> [A] breach of peace, includes acts of public turbulence, acts of violence or tending to produce violence or tending to incite violence, disturbance of the public tranquillity by yelling, hollering, or uttering loud and vociferous language, making disturbing noises on a public street by one in a state of intoxication, . . . wanton discharge of firearms in a public place, engaging in an affray or in an assault, . . . uttering abusive, profane, indecent, or otherwise provocative language.[2]

In discussing what constitutes a breach of the peace the Supreme Court of North Carolina held:

> A breach of the peace is a public offense done by violence or one causing or likely to cause an immediate disturbance of public order. [3]

Breaches of the peace are acts which are *malum in se,* being wrongful or evil by their nature. Thus acts which are *malum prohibita,* or those acts made wrong merely by a statute, cannot be classed as a breach of the peace. Those acts which constitute a breach of peace have been settled throughout the course of the common law. The legislature cannot declare any act they choose to be a breach of peace. The nature of the act determines if it fits the common law definition of a breach of the peace.

The acts that are only *malum prohibita* include liquor prohibition laws, traffic laws, labor laws, health laws, food laws, building codes and zoning ordinances, safety acts, game laws, and very many other "police regulations." Without a statute, most of the acts constituting these offenses would be innocent acts.[4]

A parade on the street is not of itself a breach of the peace though it could constitute

1 Walter Anderson, *A Treatise on the Law of Sheriffs, Coroners and Constables,* vol. 1, § 131, pp. 126-27 (1941).

2 12 *American Jurisprudence,* 2d, "Breach of Peace," § 8, pp. 669-70.

3 *State v. Mobley,* 240 N.C. 476, 83 S.E.2d 100, 104 (1954) authorities cited.

4 *Allen v. State,* 183 Wis. 323, 197 N.W. 808, 811 (1924).

one.[5] The carrying of arms in a quiet, peaceable, and orderly manner, concealed on or about the person, is not a breach of the peace. Nor does such an act, of itself, tend to a breach of the peace.[6] A mere trespass is not a breach of the peace and does not impose criminal liability upon the wrongdoer.[7] Driving an automobile while intoxicated constitutes a breach of peace.[8] Indecent exposure as where one is walking in public naked or nearly naked or in indecent dress is disruptive of the morals of society and constitutes a breach of the peace. Blasphemy of Christ or Christianity in public is a breach of the peace.

A mere violation of public decorum or a penal law, does not constitute a breach of peace.[9] Conduct merely amounting to a nuisance is not *per se* a breach of peace.[10] The sale of fifteen dynamite caps to a 15-year old boy did not constitute a breach of peace.[11] A theft is not in its nature a breach of the peace.[12]

A charge of "disorderly conduct" is a broader term than a breach of the peace because a person who commits a breach of the peace is necessarily guilty of disorderly conduct. However, all acts of disorderly conduct are not necessarily a breach of the peace.[13] Littering or yelling are such cases.

Breach of the peace is a common law offense, but it is not itself a specific offense. Thus in a charge or indictment the specific offense must be specified.

### Arrests For Breach Of The Peace

In the struggle for government to claim and exercise greater powers of arrests, it has unlawfully attempted to apply the common law rule for a breach of peace arrest to all misdemeanors. The general rule of law under the common law for the arrest of misdemeanor offenses amounting to a breach of the peace is stated as follows:

> In cases of misdemeanor, a peace officer like a private person has at common law no power of arresting without a warrant except when a breach of the peace has been committed in his presence or there is reasonable ground for supposing that a breach of peace is about to be committed or renewed in his presence.[14]

An arrest can only be made to suppress and prevent the breach of peace, and if the act ceases, there is no longer justification for the arrest without warrant.

> "A constable cannot arrest, but when he sees an actual breach of peace, and if the affray be over, he cannot arrest; and where a breach of the peace had been committed, and was over, the constable must proceed in

5 *In Shields v. State,* 187 Wis. 448, 204 N.W. 486, 40 A.L.R. 945.

6 *Wharton's Criminal Law and Procedure,* 12th Ed., vol. 2, "Breach of the Peace," § 803, p. 660 (1957); 12 *American Jurisprudence,* 2d, 'Breach of Peace,' § 8, pp. 669-70; *Judy v. Lashley,* 50 W.Va. 628, 41 S.E. 197, 200 (1902); *Robertson v. State,* 43 Fla. 156, 29 So. 535, 538 (1901).

7 *Wharton,* op. cit., § 804.

8 *State v. Rue,* 72 N.M. 212, 382 P.2d 697, 700 (1963); *State v. Jennings,* 112 Ohio App. 455, 176 N.E.2d 304, 307.

9 *Herron v. Commonwealth,* 294 Ky. 31, 170 S.W.2d 861, 862 (1943).

10 *State v. Mobley,* 240 N.C. 476, 83 S.E.2d 100 (1954).

11 *State v. Thompson,* 117 Vt. 70, 84 A.2d 594, 596 (1951).

12 *Radloff v. National Food Stores,* 20 Wis.2d 224, 123 N.W.2d 570 (1963).

13 *City of Seattle v. Franklin,* 191 Wash. 297, 70 P.2d 1049, 1051.

14 *Carroll v. United States,* 267 U.S. 132, 157 (1924), citing: *Halsbury's Laws of England,* Vol. 9, part III, p. 612.

the same way as any other person, namely; by obtaining a warrant from a magistrate"[15]

The rule for arrest without warrant involving misdemeanors was stated in an article in the *Michigan Law Review* as follows: "Neither O (a peace officer) nor C (a private citizen) may arrest D (a person) for M (a misdemeanor) which is not a BP (a breach of the peace). In regards to this rule it was stated:

> [N]either an officer nor a citizen may arrest for a misdemeanor which does not amount to a breach of the peace even though it occurs in his presence. As for example, talking loudly in the street in the presence of the officer, who ordered the parties to be quiet, an arrest without a warrant was not justified; nor where D in the presence of O, was "turning toward the wall for a particular purpose" of relief, in the street; or where he was disturbing a public meeting; or obstructing the free passage across a bridge; or refusing to move on, on a sidewalk, at the request of an officer; or fraudulently substituting a smaller for a larger check; or fraudulently evading payment of a railroad fare; or maintaining a bill board on a sidewalk; or insulting the head of the house in the presence of his family; or assembling to witness a Sunday ball game, or a movie show.[16]

It is a common rule that an officer cannot arrest for a breach of peace after it has ended. When a breach of the peace ceases, the reason for the arrest ceases, that being to stop or prevent the breach of public order. Mr. Bishop, in his *Treatise on Criminal Procedure,* speaking on the subject of arrest for breaches of the peace says:

> After the tumult is over, with no prospect of its renewal, it is too late to interfere without judicial process. And other past misdemeanors are within the same rule, namely, that a private person, or even an officer, cannot without a warrant arrest one for a misdemeanor committed on an occasion already passed. 1 Bish. Crim. Proced. §§ 166, 167.[17]

The principle behind the common law rule of arrests was that in order to prevent harm, violence or disturbance to the public peace, it is necessary that those perpetrating such acts be promptly stopped by arrest. Where, however, the offense is an accomplished fact, its prevention is no longer possible. Also, if public order has been fully restored before the officer appears, the power to arrest without warrant for a misdemeanor breach of the peace no longer exists, for the end by which such authority to arrest is allowed—to maintain the public peace—is no longer attainable.[18]

The occasions which would justify arrest without process for "vagrancy" would indeed be very rare, inasmuch it involves no immediate danger to public or private security.[19] Under American common law, no one can be required to "give an account of themselves," or to show they have a "visible means of support," or that they have employment. As part of the right to life, all have a right to choose how to live and how to

15 *State v. Lewis,* 50 Ohio Rep. 179, 185, 33 N.E. 405, 406-07 (1893). Also: *Pow v. Beckner,* 3 Ind. 475, 478; *Commonwealth v. Gorman,* 288 Mass. 294, 297, 192 N.E. 618, 620 (1934); 2 *Hawkins P. C.*, c. 13, § 8 ; and in the English case of *Regina v. Tooley,* 2 Ld. Ray. 1296, 1301; 11 Mod. 242, 250, by Lord Holt.

16 22 *Michigan Law Review,* 673, "Arrest Without a Warrant," pp. 703-704. Citing cases and quoting from *Halsbury's Laws of England.*

17 As quoted in: *Ex parte Rhodes,* 202 Ala. 68, 79 So. 462, 472 (1918).

18 *State v. Lewis,* 50 Ohio Rep. 179, 187, 33 N.E. 405 (1893);

19 *Sarah Way's Case,* 41 Mich. 299, 304 (1879).

support themselves, and no government act can interfere with this right.

The majority of misdemeanor offenses would not fall in the class of a breach of the peace which allow the immediate inter- vention of authority by arrest, as they are not an offense of a grave nature, or because they do not actually disturb the public peace.

An arrest for breach of the peace in the officer's presence must be made *"promptly,"* either *"at the time of the offense"* or *"as soon as the circumstances permit."* If the officer "does not act immediately after the offense has been committed, he can thereafter make arrests only by procuring a warrant."[20]

When an officer, after having seen a breach of the peace committed, departs on other business or for other purposes, and afterwards returns, he cannot, without warrant, make an arrest for the offense; but where the officer finds it necessary to procure assistance, a reasonable time may be employed in the pursuit. In such a case the officer must at once set about the arrest and follow up the effort until the arrest is effected. An unreasonable delay will make the arrest invalid. In order to justify a delay, there should be a continued attempt on the part of the officer to make the arrest.

It has been erroneously stated that officers are authorized to break in a house or building to prevent the commission of any crime without a warrant. This is an invalid exaggeration of the true law on the matter, which is revealed as follows:

> The authority of a constable to break open doors and arrest without a warrant is confined to cases where treason or felony has been committed, or if there is an affray or a breach of the peace in his presence. 2 Hale P.C. 88-96; 1 Hawkins, c. 63, § 16; 1 Russell on Crimes, 629; 1 Chitty's Criminal Law, 14, 15; Bacon, Abr. "Constable," (C).[21]

The cases in which a breach of the peace occurs in the presence of an officer when done in a building would be very rare. The cases of felony and treason in such a case would most often occur where the felon was pursued into a building by the officer.

Public drunkenness unaccompanied by language or conduct which creates a breach of the peace, will not justify arrest without a warrant.[22] Impudent, abusive or offensive language addressed to a peace officer does not tend to breach the peace, even though it may provoke the officer to anger.[23] And it has been held that the mere "refusal to give one's name and address does not justify the incarceration of a citizen."[24]

### Threatened Breach Of The Peace

An officer cannot arrest because he thinks or has suspicions that a breach of peace might be committed. The cause for arresting upon such cases must be when a breach of the peace is "threatened" or its occurrence is "imminent."[25] In determining when officers

20 4 Am. Jur. "Arrest," §67, p. 46; *Lyons v. Worley,* 152 Okla. 57, 4 P.2d 3, 6 (1931); *State v. Lewis,* 50 Ohio St. 179 33 N.E. 405, 406 (1893).

21 *McLennon v. Richardson*, 15 Gray's Rep. 74, 77 (Mass. 1860).

22 *State v. Mobley,* 240 N.C. 476, 83 S.E.2d 100, 104 (1954) authorities cited.

23 *Pavish v. Meyers,* 129 Wash. 605, 225 Pac. 633, 634 (1924); *Salem v. Coffey,* 113 Mo. App. 675, 88 S.W. 772 (1905); *People v. Lukowsky,* 94 Misc. 500, 159 N.Y.S. 599 (1916); *Myers v. Collett,* 1 Utah 2d 406, 268 P.2d 432, 434 (1954).

24 *Scott v. Feilschmidt,* 191 Iowa 347, 182 N.W. 382, 384 (Iowa, 1921).

may interfere by an arrest to prevent a threatened breach of the peace, the Supreme Court of Michigan stated:

> We are of opinion that a threat or other indication of a breach of the peace will not justify an officer in making an arrest, unless the facts are such as would warrant the officer in believing an arrest is necessary to prevent an immediate execution thereof, as where a threat is made coupled with some overt act in attempted execution thereof. * * * The object of permitting an arrest under such circumstances is to prevent a breach of the peace, where the facts show danger of its being immediately committed.[26]

Thus the interposition of the officer in a threatened breach of the peace is not for the purpose of an arrest but "to prevent a disturbance or breach of the peace under a present menace of violence."

> The courts are almost unanimous in their holdings, * * * that a threatened breach of the peace will not justify an arrest without warrant, unless the facts are such as would warrant the officer in believing an arrest necessary to prevent an immediate execution thereof, as where the threat is made coupled with some overt act in attempted execution thereof. In such cases the officer need not wait until the offense is actually committed.[27]

The guideline then for making arrests on what is to be called a "threatened" breach of the peace, is when the conditions are such that the threatened breach of peace is *imminent*, or that it is *obvious* to the average person that it is *going to occur*. As held by the Supreme Court of North Carolina:

> [W]e think a breach of the peace is threatened * * * if the offending person's conduct under the surrounding facts and circumstances is such as reasonably justifies a belief that the perpetration of an offense amounting to a breach of the peace is imminent.[28]

Since the nature of most breaches of the peace are such that cause violence to person or property, the acts which constitute them are apparent, so that one can readily see or hear them occurring. It is said a breach of peace is committed in one's presence when, by the use of his senses, he knows of its commission by the person about to be arrested. Thus an arrest for a breach of peace may be made when one's "senses afford him knowledge" that it "is being committed," whether through "sight, hearing, or other senses."[29] An arrest for a breach of the peace cannot be made on suspicion or mere belief:

> An arrest for a breach of the peace cannot be justified merely upon belief or suspicion existing in the mind of the officer; but, where the actions of the person and the surrounding circumstances are such as to indicate a threatened breach of the peace, the arrest may be lawfully made.[30]

It is thus said that an officer can not arrest for a misdemeanor or a breach of the peace based solely upon information from another or suspicion without a warrant. In no case could advice or information given after the arrest was made justify the arrest. Likewise, an arrest cannot be made for one purpose and justified for another.

---

25 *Price v. State,* 227 Md. 28, 175 A.2d 11, 16 (1961).

26 *Quinn v. Heisel,* 40 Mich. 576, 578-79 (1879).

27 *Haverbekken v. Hollingsworth,* 250 S.W. 261, 265 (Tex. Civ. App. 1923).

28 *State v. Mobley,* 240 N.C. 476, 83 S.E.2d 100, 104 (1954) authorities cited.

29 Restatement, Torts, Sec. 119; *Walker v. United States,* 7 Fed.2d 309, 311 (9th Cir. 1925); *Wharton's Criminal Procedure,* vol. I, "Arrest," § 65, 12th Ed., p. 173.

30 *Hughes v. State,* 145 Tenn. 544, 238 S.W. 588, 596 (1922).

## Conditions Of Felony Arrests

It was regarded under the common law to be a right and a duty for a citizen to arrest one he sees committing a felony without a warrant. As stated by justice Platt:

> All persons whatever, who are present when a felony is committed, or a dangerous wound is given, are bound to apprehend the offenders. (3 *Hawkins, P.C.* 157, *Arrest,* s. 1.)[31]

To arrest a person for a felony not witnessed by the officer, he must be able to conclude from the facts then existing that a certain person did commit the felony, so that any prudent person would be lead to believe likewise. An arrest for felony based upon suspicion, belief or rumor can never be justified for any cause whatsoever, not even by a warrant can such an arrest be lawful.

> Where there is a felony and it is past, the officer is justified in arresting though no offense has been committed; yet he must have had reasonable cause to suspect the one apprehended.[32]

To allow arrests for suspicions, even in the case of felony, would make everyone susceptible to arrest who the officer might choose to believe is a likely or possible perpetrator of a crime. It would in effect amount to a "general warrant" in the hands of any officer — a concept which was found to be so abhorrent to the founding fathers of the American Revolution.

All arrests for felonies not seen or witnessed by the officer or citizen making the arrest have the burden to justify the arrest. In a felony arrest by a private citizen, he must justify the arrest by showing "that the felony had actually been committed, and that he had reasonable grounds for believing the person arrested to be guilty."[33] An officer is required only to show the probable cause existing for making the arrest, and need not show that a felony actually occurred, though such proof could serve as a justification.[34] In all other arrests, probable cause is not a factor in justifying an arrest without warrant.

It is well settled at common law, that an officer or private person, without warrant, may lawfully seize and detain another in cases where a felony was about to occur.

> If two persons be fighting, and there be reason to fear that one of them will be killed by the other, it will be lawful to part and imprison them till their anger shall be cooled. Bacon, Abr., Trespass, D.; 2 Roll. Abr. 559. * * * And private persons may justify breaking and entering the plaintiff's house, and imprisoning his person, to prevent him from murdering his wife.[35]

The law on felony arrest allowed all peaceable persons to travel freely anywhere without having to worry about an arrest or warrant for a felony. This is because all persons know what constitutes a felony, that being intrinsically evil acts such as murder, kidnaping, rape, arson, mayhem, armed robbery, and other such atrocious crimes. No one commits a felony accidentally or without foreknowledge of the act. Thus a felon's arrest comes as no surprise to him.

---

31 *Phillips against Trull,* 11 Johnson's Rep. 486, 487 (N.Y. 1814). See also, 6A C.J.S. "Arrest," § 13.

32 *The State v. Underwood,* 75 Mo. 230, 237 (1881), citing 1 *Bishop's Criminal Procedure,* § 181; also see *Commonwealth v. Carey,* 12 Cush. 246 (Mass.); *Palmer v. Maine Cent. R. Co.,* 92 Me. 399, 42 Atl. 800, 803 (1899), authorities cited.

33 *Palmer v. Maine Cent. R. Co.,* 92 Me. 399, 42 Atl. 800, 803 (1899), authorities cited; *Golibart v. Sullivan,* 30 Ind. App. 428, 66 N.E. 188, 191 (1903).

34 *State v. Nolan,* 354 Mo. 980, 192 S.W.2d 1016, 1020 (1946).

35 *Colby v. Jackson,* 12 N.H. 526, 530 (1842).

# 5

# DEFENSES TO UNLAWFUL ARRESTS

This section will be of benefit not only to those who may initiate a suit for false imprisonment, but also for peace officers as it further outlines what is the extend of their authority. Suits are usually brought about because there is not a meeting of the minds in regards to the facts or the law of a case. If both parties know the law of arrests and what can and cannot be used as a defense to acts of imprisonment, many lengthy and costly litigations can be avoided.

Over the course of the history of arrests, there have been numerous defenses raised against claims of false imprisonment. Yet the basic defense for this charge is usually limited to showing that the arrest was pursuant to law—that the one arresting had lawful authority to so act. Thus a valid defense or proper justification for false imprisonment would normally be one asserting the legality of the arrest.[1] As Justice Hand stated:

> The law watches personal liberty with vigilance and jealousy; and whoever imprisons another, in this country, must do it for lawful cause and in a legal manner.[2]

Most of the erroneous defenses have been due to misconstruing the requirements of a suit for malicious prosecution with those required for false imprisonment.

### Burden of Proof

In false imprisonment suits, or in allegations of false arrest, it can be no defense that the one who was arrested must prove that the arrest was unlawful in order to prevail in the suit. Due to the high regard placed on liberty, all imprisonments of a person are deemed unlawful until the contrary is shown. In *Halsbury's Laws of England,* in speaking on suits of false imprisonment, it says:

> The plaintiff need not prove that the imprisonment was unlawful or malicious, but establishes a prima facie case if he proves that he was imprisoned by the defendant; the onus then lies on the defendant of proving a justification.[3]

The only thing the plaintiff needs to plead and to prove is one of two things, either (1) that the defendant made an arrest or imprisonment, or (2) that the defendant affirmatively instigated, encouraged, incited, or caused the arrest or imprisonment.[4] When the plaintiff has shown that he was arrested, imprisoned or restrained of his liberty by the defendant, "the law presumes it to be unlawful."[5]

Thus it has been held that in false imprisonment suits the defendant, in order to escape liability, must either prove that he

1 *Marks v. Baltimore & O. R. Co.,* 131 N.Y.S.2d 325, 327, 284 App.Div. 251 (1954).

2 *Pratt v. Hill,* 16 Barb. Rep. 303, 308 (N.Y. 1853).

3 Earl of Halsbury, *The Laws of England,* vol. 38, 3rd Ed., Pt. 4, § 1266, p. 765, London, 1962.

4 *Burlington Transp. Co. v. Josephson,* 153 Fed.2d 372, 276 (1946).

5 *People v. McGrew,* 77 Cal. 570, 20 Pac. 92 (1888); *Knight v. Baker,* 117 Ore. 492, 244 P. 543, 544 (1926).

did not imprison the plaintiff or he must justify the imprisonment.[6] Stated another way, "the burden is upon the defendant to show that the arrest was by authority of law.[7]

In a case where two police officers arrested a man whom they believed committed a felony, the jury was instructed that the burden of proof, by a fair preponderance of the evidence, was upon the plaintiff to show that the arrest and imprisonment were not justified. This instruction was held to be wrong on appeal, where the Court stated:

> It was long ago said by Lord Mansfield: A gaoler, if he has a prisoner in custody, is prima facie guilty of an imprisonment; and therefore must justify." *Badkin v. Powell,* Cowp. 476, 478. So, in *Holroyd v. Doncaster,* 11 Moore 440, it was said by Chief Justice Best: "Where a man deprives another of his liberty, the injured party is entitled to maintain an action for false imprisonment, and it is for the defendant to justify his proceeding by showing that he had legal authority for doing that which he had done.[8]

Where the arrest was done without a warrant, the person arresting would have to justify by showing he acted pursuant to due process of law, by showing that there was a felony or breach of peace committed.

> Where an officer arrests a person without a warrant, the burden rests upon the officer to plead and prove justification. Otherwise the arrest is prima facie unlawful.[9]

In a case in Iowa the mayor of a town had instructed the town marshal to arrest a man because it had been reported that he was drunk and had been disturbing the peace. The marshal arrested the man in his home without a warrant. When the man sued the mayor and marshal for false imprisonment, the court instructed the jury that the burden of proof was upon the plaintiff (the man arrested) to prove that he was not found intoxicated when arrested. On appeal, the Supreme Court of Iowa held that the court "announced an incorrect rule of evidence" on the matter. The Supreme Court in defining the correct rule stated:

> In 2 Bishop on Criminal Procedure, § 368, it is said; "In matters of evidence, if the imprisonment is proved, its unlawfulness will be prima facie presumed; but authority may be shown by the defendant in justification."[10]

If the marshal had a valid warrant, this would serve as justification for the arrest, and as a defense to the charge of false imprisonment. Being he had none, and he witnessed no breach of the peace, he had no defense against the charge.

The rule of burden of proof is the same in a criminal proceeding, where "any arrest made without a warrant, if challenged by the defendant, is presumptively invalid," and the "burden is upon the state" to justify it as one not only authorized by statute, but also as one not violative of constitutional provisions. The "invalidity of the arrest" will render "the search invalid and the evidence obtained inadmissible.[11] This was so held in *Testolin v. State,* 205 N.W. 825 (Wis. 1925).

6 *Southern Ry. Co. v. Shirley,* 121 Ky. 863, 90 S.W. 597, 599 (1906); citing: 12 *Am. & Eng. Ency. of Law* (2d Ed.) p. 733.

7 *McAleer v. Good,* 216 Pa. 473, 65 Atl. 934, 935 (1907); *Mackie v. Ambassador Hotel & Inv. Co.,* 123 Cal. App. 215, 11 P.2d 3, 6 (1932).

8 *Jackson v. Knowlton,* 173 Mass. 94, 53 N.E. 134 (1899).

9 *Evans v. Jorgenson,* 182 Minn. 282, 234 N.W. 292, 293 (1931). Cases cited.

10 *Snyder v. Thompson,* 134 Iowa 725, 112 N.W. 239, 241 (1907).

11 *State v. Mastrian,* 285 Minn. 51, 56-57, 171 N.W.2d 695 (1969); *Butler v. State,* 212 So.2d 573, 577 (Miss., 1968).

### Good Faith & Probable Cause

The most common defense raised in false imprisonment suits is that the arresting officer acted in good faith or with good intent. This argument of defense is often raised along with the defense that the officer had "probable cause." Both of these defenses are often misapplied to the action of false arrest. Such defenses are more applicable to suits involving malicious prosecution or abuse of process, rather than to false imprisonment, as stated by the Supreme Court of Iowa:

> False imprisonment is the unlawful restraint of an individual's personal liberty or freedom of locomotion. * * * The good faith of the actor is no justification, nor is the want of probable cause an essential element, as in the case of malicious prosecution. [9]

In cases of false imprisonment, the only essential elements of the action are "detention and its unlawfulness." Thus "malice and the want of probable cause need not be shown,"[10] or are "not necessary to a proper cause of action for false arrest."[11] Even where the unlawful arrest is claimed to have been for the public good, such a defense will not stop damages.

> It is well settled law that the want of reasonable or probable cause and the want of malice are elements not entering into the action of false imprisonment in so far as actual damages are concerned.[12]

> The question of probable cause, in its usual sense, is not involved in the action for false imprisonment.[13]

Thus, according to the great weight of authority, the existence of probable cause is not an element of nor a defense to an action for false imprisonment.[14]

A case in South Dakota developed where a sheriff had, due to mistaken identity, arrested the wrong person as an embezzler upon a warrant which did not name or describe the person to be arrested. The sheriff alleged good faith and probable cause for arresting the man. The State Supreme Court held that the fact that the sheriff acted in good faith and with probable cause was no defense, and may not be taken into account in determining the damages which will compensate the plaintiff.[15]

In many cases officers will try to justify an arrest for a misdemeanor based upon a strong belief that the person arrested is guilty. In such a case, the Appellate Court of Illinois held:

> In an action for trespass and false imprisonment, probable cause and the absence of malice constitute no defense. * * * In this form of action belief in the guilt of the party arrested, no matter how strong or well founded in the mind of the officer or person making the arrest, will not justify the deprivation of another of his liberty; and it is unimportant whether the circumstances would lead a reasonable or prudent person

9 *Sergeant v. Watson Bros. Transp. Co.,* 244 Iowa 185, 52 N.W.2d 86, 92. 93 (1952). Citing, *Maxwell v. Maxwell,* 189 Iowa 7, 177 N.W. 541 (1920).

10 *Sinclair Refining Co. v. Meek,* 62 Ga.App. 850, 10 S.E.2d 76, 79 (1940). Authorities cited.

11 *Stallings v. Foster,* 119 Cal.App.2d 614, 259 P.2d 1006, 1009 (1953).

12 *Carter v. Casey,* 153 S.W.2d 744, 746 (Mo. 1941). Numerous cases cited therein.

13 *Ehrhardt v. Wells Fargo & Co.,* 134 Minn. 58, 158 N.W. 721, 722 (1916).

14 *Swafford v. Vermillion,* 261 P.2d 187 (Okla. 1953). See also, 35 *Corpus Juris Secundum,* "False Imprisonment," § 7, p. 631; 32 *American Jurisprudence,* "False Imprisonment," §§ 6, 7, p. 64, § 114, p. 178; *Hostettler v. Carter,* 175 Pac. 244, 246 (Okla., 1918).

15 *Bean v. Best,* 77 S.D. 433, 93 N.W.2d 403 (1958).

to believe that the accused was actually guilty.[16]

In some cases, instead of asserting that the officer acted in good faith, the defense is raised that malice must be proven on the part of the arresting officer. This defense is, however, groundless in matters of false imprisonment.

> In an action for false imprisonment, neither actual malice nor want of probable cause is an essential element necessary to a recovery of general damages.[17]

What ever the motives of the arresting officer, they do not cause or bring about a change in the legality of an arrest, as was asserted by the Supreme Court of Missouri:

> A lawful imprisonment does not become unlawful because of malicious motives nor does an unlawful detention become lawful because actuated by a laudable purpose or founded in good faith.[18]

Closely related to the defense of good faith or lack of malice is that an arrest is justified where there is no force or injury done to the person arrested. But as the United States Court of Appeals stated, this does not justify an arrest:

> All that is necessary to establish false imprisonment is that an individual be restrained of his liberty under the probable imminence of force without any legal cause or justification therefor. It is not necessary to show actual force, threats, or injury done to the individual's person, character, or reputation. The lack of malice, the presence of good faith, or the presence of probable cause do not affect the existence of the wrong when the detention is unlawful.[19]

Where a deputy game warden had arrested a man without warrant and incarcerated him in the county jail, the deputy claimed that at the time of the arrest he had probable cause for believing that plaintiff was then violating the law, by hunting without a license. It was held that there was a false imprisonment involved, as the Supreme Court of Alabama said:

> In false imprisonment, the essence of the tort is that the plaintiff is forcibly deprived of his liberty, and the good intent of the defendant, or the fact that he had probable cause for believing that an offense was committed, and acted in good faith, will not justify or excuse the trespass.[20]

In an action against a mayor and a police court judge for alleged false arrest and imprisonment, it was claimed that the defendants acted maliciously with a design to injure the plaintiff. It was held by the Supreme Court of Kansas that based upon the claim of malice, the defendants were not liable for false arrest. The proper remedy would be an action for malicious prosecution. The Court also stated:

> The motive with which a restraint of liberty is accomplished, be it evil or good, is irrelevant to the question of whether or not an unlawful arrest has been established. The existence of actual malice is of consequence only as it may afford the basis for punitive damages. In *Garnier v. Squires,* 62 Kan. 321, 62 P. 1005, the court said: "As will be seen, malice and willfulness are not essential elements of false imprisonment; and motives of the defendant, whatever they may have been, are not material to the case."[21]

---

16 *Markey v. Griffin,* 109 Ill. App. 212 (1903).

17 *McNeff v. Heider,* 337 P.2d 819, 821 (Ore., 1958); 35 C.J.S. "False Imprisonment," § 7, pp. 629-30..

18 *Thompson v. Farmers' Exchange Bank,* 333 Mo. 437, 62 S.W. (2d) 803, 811 (Mo. 1933).

19 *Nesmith v. Alford,* 318 F.2d 110, 118-19 (1963). Authorities cited therein.

20 *Daniels v. Milstead,* 221 Ala. 353, 128 So. 447, 448 (1930); *DeArmond v. Saunders,* 243 Ala. 263, 9 So.2d 747, 751 (1942).

21 *Holland v. Lutz,* 194 Kan. 712, 401 P.2d 1015, 1019 (1965).

And the Court of Appeals of Maryland had stated:

> In false imprisonment suits, * * * the essence of the tort consists in depriving the plaintiff of his liberty without lawful justification, and the good or evil intention of the defendant does not excuse or create the tort. 11 R.C.L. 791. * * * Any deprivation by one person of the liberty of another without his consent, constitutes an imprisonment, and if this is done unlawfully, it is false imprisonment, without regard to whether it is done with or without probable cause.[22]

In a case of false imprisonment, the defendant claimed that the petition did not state a cause of action, for the reason that it was not alleged that the imprisonment was malicious and without probable cause. The trial court held that these claims were only valid in suits for malicious prosecution, and that there was a marked distinction between malicious prosecution and false imprisonment. The Kentucky Court of Appeals affirmed this position with various cites:

> In Starkie's Evid. 1112, it is said: "No proof of malice or want of probable cause is necessary to make a case for false imprisonment."[23]

Where the life, liberty or property of the citizen are at stake, good intentions are never good enough. It has been stated that the citizen's liberty must not depend upon good faith merely, but upon legal rules governing official action.[24]

It has been held many times that in cases of false imprisonment, "the defendant can only avoid liability for false arrest by pleading justification for the arrest."[25] All other arguments must necessarily fail.

## Ignorance of Law

It is a fundamental maxim of law that ignorance of the law is no excuse to violating it. One such maxim is as follows:

> Ignorance of the fact excuses; ignorance of the law excuses not. Every man must be taken to be cognizant of the law; otherwise there is no saying to what extent the excuse of ignorance may not be carried.[26]

It has been said that an unlawful detention or imprisonment does not become lawful because done out of of ignorance of the law.[27] The Georgia Court of Appeals has held that, "It is no defense that a person perpetrating an illegal arrest or imprisonment is ignorant of the illegality of his acts."[28] Knowingly committing an arrest which is illegal is sufficient to fix liability.

> False imprisonment is treated as a tort, and also as a crime. * * * If the conduct is unlawful, neither good faith, nor provocation, nor ignorance of the law is a defense to the person committing the wrong.[29]

After speaking on the constitutional rights of citizens, the Supreme Court of Minnesota further adds:

---

22 *Mahan v. Adam,* 144 Md. 355, 124 Atl. 901, 905 (1924), cases cited.

23 *Southern Ry. Co. in Kentucky v. Shirley,* 121 Ky. 863, 90 S.W. 597, 599 (1906), authorities cited.

24 *Hill v. Wyrosdick,* 216 Ala. 235, 113 So. 49, 50 (1927).

25 *Kraft v. Montgomery Ward & Co.,* 348 P.2d 239, 243 (Ore. 1959).

26 *Maxims of Law,* ed. C. A. Weisman, 57f. (1 *Coke,* 177; 4 *Bouvier's Institutes,* n. 3828).

27 35 *Corpus Juris Secundum,* "False Imprisonment," § 7, p. 630.

28 *Stembridge v. Wright,* 32 Ga.App. 587, 124 S.E. 115 (1924).

29 *Kroeger v. Passmore,* 36 Mont. 504, 93 Pac. 805, 807 (1908).

> As is the case of illegal arrests, the officer is bound to know these fundamental rights and privileges, and must keep within the law at his peril.[30]

Ignorance cannot be an excuse for violating the rights of citizens or any constitutional mandates such as due process, especially by those who have taken an oath to uphold that law. They become a hypocrite upon the assertion of such an excuse.

### Guilt of Party Arrested

An unlawful arrest cannot be justified because the arrested party was actually guilty of the charge for which he was arrested. The person charged with an offense can only be deprived of his liberty by due process of law, and this constitutional safeguard applies to the guilty as well as the innocent.

Thus the guilt of the one arrested has no bearing on the legality of an arrest:

> As stated in Annotation 25 A.L.R. 1519: "No one can recover damages for a legal arrest and conviction; therefore, in cases of malicious prosecution, it becomes necessary to await the final determination of the action. But the same principle does not apply to an action for false imprisonment, as the form of action is based upon an illegal arrest; and no matter ex post facto can legalize an act which was illegal at the time it was done."[31]

Thus nothing that happens ex post facto (after the fact of the arrest) can change the legal nature of the original arrest. A prosecution and verdict of guilty does not make an unlawful arrest lawful. In a case of false imprisonment where it was being asserted that the plaintiff was guilty, the Supreme Court of Oklahoma said: "The guilt of the plaintiff is not material."[32] In the *Michigan Law Review* it was stated that:

> An arrest is unlawful, even though the arrestee be guilty of a felony, if the officer had not reasonable ground to believe him guilty. Thus neither the guilt nor innocence of the person arrested has anything to do with the legality of the arrest. [33]

It thus has been declared that in an action for false imprisonment, the termination of a prior proceeding in favor of the one deprived of his liberty is not material to his suit.[34] Since termination of the proceedings is not material, the fact that the one deprived of his liberty was actually found guilty is immaterial to the false imprisonment suit. But in a suit for malicious prosecution, there must be a termination in the proceedings in favor of the party deprived of his liberty to prevail. If he is found guilty, he cannot sue for malicious prosecution.

A false imprisonment case in New Jersey occurred where a woman was committed to an insane asylum by a business partner, and was released a few days latter by her husband. The woman sued the partner for false imprisonment but it was argued that the woman failed to plead or prove that the proceedings leading to her arrest and imprisonment in the asylum had terminated. The Appeals Court said that the argument raised did not apply to this case as it was an

---

30 *Thiede v. Town of Scandia Valley,* 217 Minn. 218, 231, 14 N.W.(2d) 400 (1944).

31 *Sergeant v. Watson Bros. Transp. Co.,* 244 Iowa 185, 52 N.W.2d 86, 92-93 (1952); citing, *Neves v. Costa,* 5 Cal. App. 111, 89 Pac. 860 (1907).

32 *Halliburton-Abbott Co. v. Hodge,* 44 P.2d 122, 125 (Okla., 1935).

33 *Michigan Law Review,* vol. 31, April, 1933, p. 750; citing numerous cases.

34 *Riegel v. Hygrade Seed Co.,* 47 F.Supp. 290, 293 (1942); *Thompson v. Farmers' Exchange Bank,* 62 S.W.(2d) 803, 810 (Mo. 1933); 25 *American Law Reports,* Annotation, p. 1518.

action for false imprisonment, and not malicious prosecution. The Court held:

> The weight of authority is against the proposition that in a suit for false imprisonment the prosecution should terminate before a suit for damages can be instituted.[35]

In a suit for false imprisonment, a record of conviction for the same offense for which the arrest was made is inadmissible.[36] An action for false imprisonment is to be based upon the legality of the arrest, not upon the filing of a complaint, or the proof of an alleged crime, or the results of a trial, as the California Supreme Court said:

> The finding of guilt in the subsequent criminal proceeding cannot legalize an arrest unlawful when made.[37]

Even where a party has pleaded guilty, the one making the arrest can still be liable for an illegal arrest.[38] Thus it has been held that consent to an unlawful arrest will not excuse an officer or person from their acts, as held by a *Federal Circuit Court of Appeals:*

> We are of opinion that the law does not permit the citizen to consent to unlawful restraint, nor permit such a claim to be made upon the part of the defendants. In Wharton on Criminal Law, vol. 1, § 751e, it is said: "No man has a right to take away another's liberty, even though with consent, except by process of law. And the reason is, that liberty is an unalienable prerogative of which no man can divest himself, and of which any divestiture is null.[39]

## Immunity

The argument of official immunity would seem to be an obvious and logical argument for an officer in defense of a charge of false imprisonment. Government is generally immune from being sued and peace officers are regarded as members of government, thus it is often claimed they are immune from suit. But the immunity doctrine does not extend to anyone in government who causes a wrong:

> But immunity from suit is a high attribute of sovereignty—a prerogative of the State itself—which cannot be availed of by public agents when sued for their own torts. [40]

Under the doctrine of official immunity there have been distinctions made between acts that are "discretionary duties," which an officer in performance of is immune, and acts which are "ministerial duties," for which officers remain liable. An officers official duty is described as ministerial, "when it is absolute, certain and imperative, involving merely execution of a specific duty arising from fixed and designated facts."[41] An arrest by an officer is a ministerial not a discretionary act.

---

35 *Boesch v. Kick,* 98 N.J. Law 183, 119 Atl. 1, 2 (1922); 25 A.L.R. 1516; 5 Am. Jur. 2d, "Arrest," § 22, p. 712.

36 Dunnell Minnesota Digest, 3rd Ed., Vol. 8A, "False Imprisonment," §1.06(c), citing *Wahl v. Walton,* 30 Minn. 506, 16 N.W. 397 (1883).

37 *Coverstone v. Davis,* 38 Cal.2d 315, 239 P.2d 876, 878 (1952); *Wilson v. Loustalot,* 85 Cal.App.2d 316, 193 P.2d 127, 132 (1948); *Stewart v. State,* 244 S.W.2d 688, 690 (Tex. Civ. App., 1951).

38 *Hotzel v. Simmons,* 258 Wis. 234, 45 N.W.2d 683, 687 (1951); *Anderson v. Foster,* 73 Idaho 340, 252 P.2d 199, 202 (1953).

39 *Meints v. Huntington,* 276 Fed. 245, 250 (1921), other authorities cited.

40 *Hopkins v. Clemson College,* 221 U.S. 636, 642-43 (1910); *Johnson v. Lankford,* 245 U.S. 541, 546 (1917).

41 *Rico v. State,* 472 N.W.2d 100, 107 (Minn., 1991).

# 6

# THE USE OF A WARRANT IN ARRESTS

The requirement for warrants in the seizure of persons and property is an affirmation of common law principles. The declaration in our constitutions prescribing the mode in which they are to issue, reflects the abhorrence of the use of the so-called "general warrants," whereby easy and arbitrary arrests and seizures were made.

Despite such declarations for the security of liberty, privacy and property, history shows that the executive department has strong tendencies to disregard and violate them, as revealed by the U.S. Supreme Court:

> Though the police are honest and their aims worthy, history shows they are not appropriate guardians of the privacy which the Fourth Amendment protects.[1]

While the Fourth Amendment has been badly violated, we find that the due process of law provision is virtually ignored when it comes to warrants. For the most part it is the due process provision which prescribes the actual requirement of a warrant for all arrests except where public security allows a warrantless arrest.

## Warrant to be in the Possession of the Arresting Officer

A warrant of arrest is a written order issued by a court or magistrate, directed to a peace officer or to a specified private person, commanding him to arrest a named person.[2] It is regarded as fundamental law that where one cannot arrest without a warrant, a warrant must be acquired and be in the actual possession of the one making the arrest otherwise he is not protected by it.

The requirement of having the warrant for arrest "in actual possession" is the common law rule and thus is part of due process of law, as it is a procedure which deprives a citizen of his liberty.

In a case where a policeman, by direction of a sheriff, arrested an individual pursuant to a warrant, it was claimed the arrest was unlawful since the sheriff retained the possession of the warrant in his office. The Supreme Court of North Carolina held that "the overwhelming weight of authority" for misdemeanor charges, is that the officer "must have the warrant in his possession." The Court stated the following:

> In 6 C.J.S., Arrest, § 4, p. 576 et seq., we find the general rule stated as follows: "The warrant must at the time of arrest be <u>in the possession</u> of and <u>with</u> the person purporting to act thereunder or of one with whom he is acting in conjunction. * * * Accordingly, where the warrant is at the officer's house some distance from the scene of the arrest, or in the hands of another who is not at the scene of arrest, or in the central office of a city detective bureau, the arrest is unlawful."[3]

Since there was no felony or breach of peace committed in the presence of the policeman, his arrest was deemed illegal despite the fact there was a valid warrant for the individual arrested, since it was with the

1 *Jones v. United States,* 362 U.S. 257, 273 (1959).

2 Wharton's Criminal Procedure, vol. 1, 12th ed., § 54, p. 151.

3 *Alexander v. Lindsey,* 230 N.C. 663, 55 S.E.2d 470, 474 (1949).