sheriff who was in another town. The Court also said that the good faith of the policeman did not affect the unlawfulness of the arrest.

A Mississippi case involved a warrant that was issued for the arrest of a Bill Smith on a reckless driving charge. Under the sheriff's instructions, a deputy went to Smith's home to arrest him while the warrant remained in the sheriff's office. Smith asked to see the warrant for his arrest. The deputy replied that he did not have it with him, but that it was at the sheriff's office and Smith could see it when they arrived there. However, Smith said he would have to see the warrant before he would submit to the arrest. Smith resisted the arrest. The sheriff was called out but came without the warrant. Smith again resisted but was forcibly taken to jail. The State Supreme Court held the arrest unlawful:

> [U]nder the great weight of authority an officer making an arrest for a misdemeanor not committed in his presence must have the warrant for such arrest in his actual possession if the arrest is to be lawful.[4]

In a criminal case involving a violation of a lien, a policeman was given a warrant for the arrest of a man named Shaw. He drove to Shaw's house in a buggy. He left the warrant in the buggy being some 150 yards from the house. The officer went into the house and put his hand on Shaw's shoulder and told him that he had a warrant for him and to consider himself under arrest. Shaw asked, "What for?" The officer replied, "For disposing of property under lien," and that a Mr. Bradham had sworn out the warrant. Shaw said, "I am not going." He resisted the arrest and claimed at trial that the arrest was not valid as at the time of arrest the officer had not actual possession of the warrant. The State Supreme Court held that the warrant was in fact in the officer's possession:

> The authorities agree that in cases of misdemeanor not committed in his presence, and for which he cannot lawfully arrest without a warrant, the officer should have the warrant in his actual possession at the time of making the arrest. * * * It was not necessary that he should have the warrant in his hand or in his pocket at the time of making the arrest. Actual possession of it does not mean that. The rule is satisfied if the officer has such possession of the warrant that he can produce it with reasonable promptness on demand.[5]

The question of what constitutes "possession" of the warrant has often been debated, but it is obvious that it must be so close at hand as to show it upon request. Thus it need not be said that the warrant must in all cases be directly in the hand of the arresting officer. This would be too narrow and technical view of the law and one not based on substantial grounds. One reason for "actual possession" is to show the authority for the arrest; another is to display or read the warrant, and since this is to be done promptly the possession must exist. Thus the warrant must be "in possession" but not necessarily "in hand," as the Federal Circuit Court of Appeals stated:

> [T]he officer who seeks to arrest by virtue of a warrant must have the warrant in his possession at the time of the arrest. We need not undertake to define exactly what is meant by "in his possession," * * * Of course, it does not necessarily mean that the warrant shall be actually in his hand.[6]

Where a warrant was directed to all police officers, and exhibited to two officers but was kept in the police station, the warrant

4 *Smith v. State,* 208 So.2d 746, 747 (Miss., 1968). Although an officer upon seeing a misdemeanor being committed cannot arrest the person committing it, he can in most cases stop him from committing it or prevent its continuance. Thus in observing a petty theft, an officer can stop the suspect, which would be an arrest, to recover the items taken.

5 *State v. Shaw,* 104 S.C. 359, 89 S.E. 322, 323 (1916).

was not "sufficiently in the possession of the two officers to sustain an arrest by them."[7]

In the rather famous and landmark case of *Crosswhite v. Barnes,* a warrant for the arrest of a Mrs. Barnes was issued by a justice for a misdemeanor, and placed in the hands of W.T. Crosswhite, chief of police. Crosswhite, along with a police Sergeant, set out to execute the warrant, but left the warrant of arrest in his desk at the courthouse. When the officers first saw Mrs. Barnes she was driving down State street in her automobile. The police turned their car in front of Mrs. Barne's car to stop her. One officer opened her car door, took hold of her by the arm, and said, "Get in my car." She refused and told the police she would not go anywhere without her husband. The policeman said, "we want you, not your husband." She asked the officers to show her the warrant. Mr. Crosswhite said he "did not have to do so," and said that "you are going to the courthouse." The argument continued ending in Mrs. Barnes being forcibly taken to the courthouse. Mrs. Barnes brought an action against Crosswhite and the other policeman for illegal arrest and assault and battery. The police were found guilty and on appeal the Supreme Court of Appeals of Virginia affirmed the conviction, and in a very authoritative decision stated:

> The text-books generally state, and many cases hold, that it is necessary not only that a warrant of arrest should have been issued, but that the officer making the arrest shall have it with him and show it on request.
>
> In Beale's Crim. Pl. & Pr. § 18, it is said: "An officer arresting on a warrant must have the warrant with him, and must show it on request."
>
> In 1 Bish. New Crim. Proc. § 190, it is said: "to justify an arrest under a warrant, the officer must have it in possession; and, if though delivered to him, he leaves it at his office or station house, it will not protect him."
>
> In 2 R.C.L. (*Ruling Case Law*) 465, § 23, speaking of misdemeanors not committed in the presence of the officer, it is said: "The officer should have the warrant in his actual possession in order to justify the arrest, and if he does not have it, although it has been duly issued, an officer making an arrest may not be protected by it."[8]

The Court also referred to and relied upon a previous case in Virginia, the case of *Muscoe v. Commonwealth,* in which a policeman undertook to arrest Muscoe for a past misdemeanor, without a warrant, and Muscoe shot and killed him. He was convicted of murder and in the appeal the Court reversed the conviction stating:

> Indeed, not only must there be a warrant in the class of cases last mentioned [misdemeanors], but, to justify the arrest, the officer must have the warrant with him at the time.[9]

Since a warrant must be in one's possession to arrest, a sheriff has no authority to send a deputy to one place to make an arrest without a warrant, while he goes to another for the same purpose with the warrant. Nor can he send his deputy into one town while he gives pursuit in another.[10]

> Under the ancient practice of hue and cry, before warrants were issued, this might be done in the pursuit of felons, but no hue and cry could be raised for a misdemeanor.

6 *O'Halloran v. M'Guirk,* 167 Fed. 493, 495, 93 C.C.A. 129 (1909).

7 *People v. Fischetti,* 273 Ill. App. 215 (1933).

8 *Crosswhite v. Barnes,* 139 Va. 471, 124 S.E. 242, 245 (1924).

9 *Muscoe v. Commonwealth,* 86 Va. 443, 10 S.E. 534 (1890).

10 *McCullough v. Greenfield,* 133 Mich. 463, 95 N.W. 532, 533 (1903).

> We think it clear that in cases of misdemeanors the sheriff must be present either in sight or hearing, directing the arrest, to justify a person not armed with the warrant to make the arrest.[11]

In a Georgia case, a warrant was issued for the arrest of Shaw, charging him with a misdemeanor. The warrant was directed to any sheriff, deputy, coroner, or constable of the state. When a constable tried to arrest Shaw at his home, a friend named Adams interposed and asked the constable if he had a warrant for Shaw. The officer replied that he had it at his home, but not with him. Adams thus prevented the arrest of Shaw and liberated him from the custody of the Constable. Adams was charged with inter- fering with the arrest. The Supreme Court of Georgia held that Adams was not guilty of any offense since Shaw was not legally in the custody of the officer by virtue of a lawful arrest. The Constable had no authority to arrest except under the warrant which he did not have in his possession. The Court held:

> Whenever a warrant has been issued to arrest a person charged with an offense in respect of which he cannot be apprehended without a warrant, the police officer must have the warrant in his possession at the time when he executes it. If he has not, the arrest will be illegal.[12]

Later the Court upheld this case under a similar situation, where a warrant had actually been issued for an arrest, but the warrant was in the hands of the sheriff a number of miles away from where the arrest took place. The arrest was not lawful as the officer making the arrest had not been in possession of the warrant.[13]

In many cases unlawful arrests have occurred where an officer receives some sort of communication from another jurisdiction or a central office that a warrant exists for the arrest of a particular individual. The officer relying on such information and making an arrest upon it is liable for false imprisonment, as he arrested without a warrant in his possession. One treatise says:

> In a case where the officer of one city, county or district, telephones to officers of another city, county or district to make an arrest of a party with the last mentioned city, county or district, it affords the officer attempting to carry out the instruction no protection and the arrest is illegal, unless such officer would have a right to arrest without a warrant.[14]

Thus where an officer was informed by a letter, written by the chief of police of a city in another state, that a certain person has absconded with funds belonging to a benevolent association, the officer was liable in damages for the arrest of this person without a warrant.[15]

The fact the a person knows that a warrant for his arrest is outstanding does not eliminate the need for possession of the warrant in making the arrest. In Anderson's *Treatise on Sheriffs,* it states:

> Where arrest is being made under the authority of a warrant, the officer attempting to execute same, and arrest the party named therein, must be in possession of said warrant or it affords him no protection. The necessity for the possession of the warrant is not relaxed by reason of the fact that the party to be arrested knows of

11 *Kratzer v. Matthews,* 233 Mich. 452, 206 N.W. 982, 984 (1926); citing, *People v. McLean,* 68 Mich. 480, 36 N.W. 231.

12 *Adams v. State,* 121 Ga. 163, 48 S.E. 910, 911 (1904).

13 *Giddens v. State,* 154 Ga. 54, 113 S.E. 386, 389 (1922).

14 Walter H. Anderson, *A Treatise on the Law of Sheriffs,* vol. 1, §133, pp. 128-29 (1941). A sheriff is liable if he arrests for a misdemeanor when acting upon a telegram stating a warrant exists. *Roberts v. Dean,* 187 So. 571 (Fla. 1939).

15 *Malcomson v. Scott,* 56 Mich. 459, 23 N.W. 166 (1885).

the issuance and existence of such warrant for his arrest.[16]

Thus where an arrest is made without having the warrant in the possession of the arresting officer, such an arrest is treated as though it were made without a warrant.

### Warrant to be Shown Upon Arrest

Coupled with the requirement to have the warrant in possession when making an arrest, is the requirement to show or display the warrant to the arrested person. Where an arrest is claimed to be made under the authority of a warrant, it is the duty of the one making the arrest to show the warrant and read it to the one being arrested, espe- cially when he requires to see it or demands to know the nature and cause of the arrest. He need not submit if this is not done.

In the case of *Smith v. State,* supra, the Supreme Court of Mississippi not only said that the warrant must be in the actual possession of the officer, but "he must show it to the accused, if requested to do so."[17] In *State v. Shaw,* supra, the Court said that the reason that a warrant is to be in the actual possession of the arresting officer, is that, "if demanded, he must produce the warrant and read it to the accused, that he may know by what authority and for what cause he is deprived of his liberty."[18]

In *Crosswhite v. Barnes,* supra, it was stated that the arresting officer must have the warrant with him, "and must show it on request." It cited a number of authorities in support of this such as the following:

> In the annotator's summary of a note in 42 L.R.A. at page 682, it is said: "An accused person, if he demands it, is entitled to have the warrant for his arrest shown to him at the time of arrest. (See also 51 L.R.A. 211).[19]

In an early case in New York, a special deputy was charged with the duty to serve a warrant for larceny, issued by a justice of the peace. The person arrested required the deputy to show him the warrant, before he would submit to the arrest. The deputy did not do so and the man resisted and the deputy beat him. At trial the judged charged the jury that if the defendant did not show the warrant to the man, he was a trespasser. The jury found a verdict in favor of the man arrested. The Supreme Court of New York upheld the verdict stating:

> A special deputy is bound to show his warrant if requested to do so, and if he omit, the party against who the warrant is may resist an arrest, and the warrant under such circumstances is no protection against an action for an assault, battery and false imprison- ment.[20]

Failure to show or display a warrant when a warrant for an arrest allegedly exists, the arrest becomes illegal. On this matter the Supreme Court of Georgia stated:

> In *Galliard v. Laxton,* 2 Best & S. 363, 9 Cox C.C. 127, it was held that in a case in which a lawful arrest could not be made except under a warrant the arresting officers were bound to have the warrant ready to be produced if required; that an arrest in such a case by police officers who did not have the warrant in their possession at the time was illegal.[21]

16 Walter H. Anderson, *A Treatise on the Law of Sheriffs, Coroners & Constables,* vol. 1, §133, p. 128 (1941).

17 *Smith v. State,* 208 So.2d 746, 747 (Miss., 1968).

18 *State v. Shaw,* 104 S.C. 359, 89 S.E. 322 (1916).

19 *Crosswhite v. Barnes,* 139 Va. 471, 124 S.E. 242, 245 (1924).

20 *Frost vs. Thomas,* 24 Wendell's Rep. (N.Y.) 418, 419 (1840).

21 *Adams v. State,* 121 Ga. 163, 48 S.E. 910, 911 (1904).

Thus the primary reason for the officer to have the warrant in his possession when making an arrest under the warrant, is so that it can be shown to the one arrested, so that he knows the authority by which he is being deprived of his liberty. This was so held by the Supreme Court of Texas:

> It ought not to be denied that the law contemplates that the warrant directing the arrest of a person charged with a crime will be in the possession of the officer when he makes an arrest under it, for he is required to exhibit it, if called upon to do so; and this is based on a wise public policy, one purpose of which is that the officer may have to exhibit such evidence of his authority to make the arrest as will be deemed sufficient to take from the person whose arrest is commanded all right to question the authority of the officer.[22]

The argument that officers are free to arrest because there is a warrant outstanding, is nullified by the requirement of law that one arresting under a warrant must show it if requested to do so, which is manifestly impossible unless he has the warrant in his possession.

An officer arresting for taxes due on a tax warrant was held to be a trespasser where he had not the warrant with him at the time of arrest, thus failing to show it to the one arrested. The Court unanimously held:

> We think the authorities * * * are all to the effect that the officer making the arrest must be in a situation to show, if required, the authority under which he is acting. It is the legal right of the citizen when arrested that such shall be the situation, and, therefore, when such situation does not exist the arrest is a legal wrong.[23]

An arrest warrant is to be shown to the accused for he has a right to see if it is a valid warrant. Speaking on the topic, "Production of Warrant," one law textbook states:

> Every person relying upon a warrant in making an arrest should read it if requested so to do, * * * Where a warrant is necessary but the person making the arrest refuses to exhibit it when called upon to do so * * * he may forfeit the protection which it otherwise would afford him.[24]

In the Annotation of *American Law Reports,* vol. 40, p. 62, a review was given on the topic: "Necessity of showing warrant upon making arrest under warrant." The report clearly showed many other cases that held that the officer must show the warrant upon request, and stated:

> The weight of authority now, however, seems to support the proposition that an officer making an arrest under a warrant should show the warrant, if requested to do so, and in some jurisdictions he is expressly required by statute to do so.[25]

The enactment of a statute that the warrant is to be shown upon arrest is but declaratory of the due process procedure that must be followed in an arrest. Thus no statute is needed and where it exists it is merely redundant in nature.

The annotated report did speak of some authorities where it appeared that the failure of showing the warrant was allowed. It stated in the review that in some cases, "a regular officer does not need to show his warrant *before* making an arrest thereunder." Such cases involved the question of whether the officer is known or unknown to the person

22 *Cabell v. Arnold,* 86 Tex. 102, 23 S.W. 645, 646 (1893).

23 *Smith v. Clark,* 53 N.J.L. 197, 21 Atl. 491 (1891). Citing *Webb v. State,* 51 N.J.Law 189, 17 Atl. Rep. 113.

24 2 *Ruling Case Law,* "Arrest," § 23, pp. 465-66.

25 40 *American Law Reports,* Annotated, p. 66, numerous cases cited.

being arrested. In some cases it was stated that when the officer is known he need not show the warrant *before* the arrest, but must show it *after* the arrest. And where the officer is unknown he is to show the warrant *before* the arrest. Other cases where it appeared that the showing of the warrant was not needed is where resistance is offered or threatened before the person asked to see the warrant.

The argument that a known officer need not display his warrant at all, or that in lieu of displaying it need only state the authority under which he is acting, is not justified by the principles for why warrants are needed in the first place. Such an argument could completely take away most of the safeguards of liberty which the requirement for a warrant was established. The true law on the matter requires the officer to possess and display the warrant whether he is known or not, and in addition to his stating the nature and cause for the arrest.

> The generally recognized rule, however, sustained by the weight of authority and particularly in cases of misdemeanors, requires the officer to exhibit the warrant of arrest before the arrest is made, unless there is some resistance.[26]

In an English case cited in 40 A.L.R., Annotated, it was held that where a constable making an arrest did not have the warrant with him, he was not justified in making the arrest. The court said:

> We have already expressed our opinion that, if requested, the officers are bound to produce the warrant; and, if so, the keeping in custody after request and noncompliance would not be legal; and it can hardly be contended that the arrest itself could be legal.[27]

In an older English case, it was said that the doctrine that an officer need not show his warrant was a "dangerous doctrine." The court also stated:

> I do not think that a person is to take it for granted that another who says he has a warrant against him, without producing it, speaks truth. It is very important that, in all cases where an arrest is made by virtue of a warrant, the warrant (if demanded, at least) should be produced.[28]

The reason for the duty of an officer arresting a party by virtue of a warrant was declared in *Com. v. Cooley,* 6 Gray (Mass.) 350 (1856), as being "to explain the cause for which he makes the arrest; to state the nature and substance of the process which gives him the authority which he professes to exercise; and, if it is demanded of him, to produce and exhibit it to his prisoner for his perusal, that he may have no excuse for resistance." The court added that these are obviously successive steps, which cannot all occur at the same instant of time.

In a New York case a man was convicted for resisting a police officer who attempted to arrest him for a past misdemeanor, the warrant being at his office. His conviction was reversed because it was the duty of the officer, at the time of the arrest, to disclose to the defendant his authority and the process under which he was to be arrested. The Court said the state statute was the same as the common law doctrine on this matter:

> [I]f the officer must show the warrant, if required, then it is plain that it must be in his actual possession. It would be absurd to construe this to mean that after making the arrest the officer must, if required, take the

26 Walter H. Anderson, *A Treatise on the Law of Sheriffs, Coroners & Constables,* vol. 1, §134, p. 131 (1941).

27 40 A.L.R. 67, citing, *Galliard v. Laxton,* 2 Best & S. 363, 121 Eng. Reprint, 1109 (1862). Also in 51 L.R.A. 202.

28 40 A.L.R. 67, citing, *Hall v. Roche,* 8 T.R. 187, 101 Eng. Reprint, 1337 (1799).

> defendant to some other place and there show him the warrant.[29]

It is clear that the warrant must at the time of arrest be shown, not at a later time.

In *State v. Phinney*, 42 Me. 384 (1856), the court, in discussing authorities, stated that it is very important in all cases where an arrest has been made by virtue of a warrant, that "the warrant should be produced if demanded."

In *Shovlin v. Com.*, 106 Pa. 369, 5 Am. Crim. Rep. 41 (1884), the court, in explaining the duty of one making an arrest, said:

> "It is doubtless the duty of an officer who executes a warrant of arrest to state the nature and substance of the process which gives him the authority he professes to exercise, and, if it is demanded, to exhibit his warrant, that the party arrested may have no excuse for resistance."

In *Jones v. State*, 114 Ga. 79, 39 S.E. 861 (1901), the State Supreme Court held that a constable was not justified in attempting to arrest the defendant under a warrant which was in the sheriff's hands. The court said that, "it was the duty of an officer who attempts to make an arrest to exhibit the warrant if he has one."

## Invalid and Unlawful Warrants

A warrant must have certain requisites in order to render it valid and available as a defense. Many unlawful arrests have been made due to warrants failing to meet such requisites. "Whenever a warrant is invalid on its face, or where it is only a summons, the officer arresting the defendants will be liable in damages."[30] A prima facie invalid warrant will be regarded as no warrant and the officer making an arrest by a void or invalid warrant is not protected by it.

> Process that is void on its face is no protection to the officer who executes it. If a warrant, order, or writ of possession shows lack of jurisdiction of the court, the officer is not protected in serving it. In fact, in so doing he becomes a trespasser.[31]

A constable justifying an imprisonment under a warrant must show that the warrant on its face is legal, and that the magistrate had jurisdiction of the subject-matter.[32] Both a proper subject matter jurisdiction and geographical jurisdiction are necessary for a valid warrant. It is generally held that where the court has no jurisdiction the officer executing a warrant will be liable in damages. The question of jurisdiction can be raised at any time, and since neither consent nor waiver can give jurisdiction, the court will not proceed where it appears from the record that it has no authority.[33]

A warrant for the arrest of an alleged fugitive was void because the complaint did not state that the original charge has been made upon oath, or made to a court, and it afforded no protection to the constable.[34]

The requirements of what a warrant should contain depends primarily on constitutional mandates and common law principles.

The common law requires that an arrest made on a warrant be issued only after a formal

29 *People v. Shanley,* 40 Hun 477, 478 (N.Y., 1886).

30 51 L. R. A., 197, citing *Frazier v. Turner,* 76 Wis. 562, 45 N.W. 411; *Carratt v. Morley,* 1 Q.B. 18, 1 Gale & D. 45.

31 70 *American Jurisprudence,* 2d Ed., "Sheriffs, Police, and Constables," § 165, pp. 353-54.

32 *Lawyers Reports Annotated,* vol. 51, p. 197, citing, *Poulk v. Slocum,* 3 Blackfords (Ind.) 421.

33 5 *American Jurisprudence,* 2d Ed., "Arrest," § 7, p. 700.

34 *Lawyers Reports Annotated,* vol. 51, p. 197, citing, *Forbes v. Hicks,* 27 Neb. 111, 42 N.W. 898 (1889).

charge is made under oath.[35] Thus no arrest is valid unless based upon a sworn affidavit.

> An affidavit that does not appear to have been sworn before any judicial officer, and a warrant signed only by the officer who made the arrest and not dated or authenticated, afford no lawful authority for the arrest and detention of an accused.[36]

Another obvious requirement of a warrant that would make it void on its face is if it is not signed by a magistrate or justice of the peace. It has become a practice in some areas to have warrants rubber stamped with the Judges name. This stamping being done by some clerk or administrative employee. This blatantly unlawful practice has been adopted for convenience sake, which is the most common reason or excuse government uses to transcend constitutional limitations. Such limitations were designed to make government follow certain established procedures and thus make things difficult in order to deprive a citizen of his liberty or property. A rubber stamped warrant is invalid on its face as it is not signed by any judicial officer. The authorization for a warrant requires not only judicial authority but is to be done by one who is learned in the law to determine if probable cause exists to issue the warrant.

In Minnesota, the State Supreme Court held that a statute permitting clerks and deputy clerks of the County Municipal Court to receive complaints and issue warrants in prosecutions under municipal ordinances is unconstitutional. The Court said:

> The United States Supreme Court has considered and disposed of a related problem in *Camara v. Municipal Court,* 387 U.S. 523, 541. * * * The majority in Camara nevertheless stressed the need for "individualized review" by a "neutral magistrate" to avoid the issuance of "rubber stamp" warrants.[37]

Since the taking of an affidavit in a criminal proceeding imposes a duty of a judicial nature, an affidavit taken before a clerk or prosecuting attorney is not sufficient as a basis for the issuance of a warrant.[38]

A warrant is regarded as insufficient and thus void if, on its face, it fails to state facts sufficient to constitute a crime.[39] Also, a designation or description of the offense should be written in the warrant, but need not be specified with the same technical strictness that is required in an indictment.[40] The rule on sufficiency of a charge on which a warrant can issue is stated as follows:

> The complaint or charge on which a warrant is issued must set forth the facts constituting the offense on the knowledge of the person making the complaint, and if he does not know them other witnesses must be examined who do know them; and no person can be arrested on the mere belief of the person making the complaint.[41]

A warrant issued for a matter that is not a criminal offense is no justification for a constable who arrests upon it. A person

---

35 *Morrow v. State,* 140 Neb. 592, 300 N.W. 843, 845 (1941).

36 *Liberis v. Harper,* 89 Fla. 477, 104 So. 853, 855 (1925). Also see 5 Am. Jur. 2d "Arrest," §12, p. 705.

37 *State v. Paulick,* 277 Minn. 140, 151 N.W.2d 591, 596 (1967). Also: *Cox v. Perkins,* 107 S.E. 863, 865 (Ga. 1921).

38 *Cox v. Perkins,* 151 Ga. 632, 107 S.E. 863 (1921).

39 *Wharton's Criminal Procedure,* 12th Ed., vol. 1, § 54, p. 152 (1974). Citing, *Go-Bart Importing Co. v. United States,* 282 U.S. 344, 355 (1930); *Ex parte Burford,* 7 U.S. 448, 451 (1806); *Smith v. Clark,* 37 Utah 116, 106 Pac. 653, (1910).

40 *Delk v. Commonwealth,* 166 Ky. 39, 178 S.W. 1129 (1915); *Moser v. Fulk,* 237 N.C. 302, 74 S.E.2d 729. (1953).

41 2 R.C.L. "Arrest," § 17, p. 460; citing, *Brown v. Hadwin,* 182 Mich. 491, 148 N.W. 693 (1914).

cannot be lawfully arrested by a sheriff acting under a copy of a court order or warrant in the form required.[42] Such copy is not valid.

Inaccuracies and imperfection do not vitiate a warrant which substantially charges an offense. But where a complaint, recited in substance in a warrant, is verified merely on information and belief and does not state facts sufficient to constitute an offense, the warrant must be held to be invalid on its face.[43] Also, an affidavit that merely states belief in the guilt of the accused is insufficient to support a warrant of arrest.[44] The Supreme Court of Kansas said that a warrant cannot be issued which is verified on the county attorney's hearsay and belief:

> If a warrant, in the first instance, may issue upon mere hearsay or belief, then all the guards of the common law and of the bill of rights, to protect the liberty and property of the citizen against arbitrary power, are swept away.[45]

An affidavit based upon a presumption or belief of crime does not give jurisdiction to the court to issue a warrant; and at common law, a constable or sheriff cannot execute a warrant outside their jurisdiction.[46]

To summarize, the following are the basic requisites needed to make a warrant valid :

- A warrant is to be issued by a judicial officer and signed by him.
- It must state the facts that show the matter to be within the jurisdiction of the judicial officer issuing it.
- It cannot be based upon belief or suspicion, but upon probable cause.
- The warrant is to list a complaint which is to state the offense committed and the facts that constitute a crime.
- A warrant is to contain an affidavit of the person making the charge under oath.
- It must truly name the person to be arrested, or describe him sufficiently to identify him.

The officer is bound to know if under the law the warrant is defective, and not fair on its face, and he is liable as a trespasser, if it does not appear on its face to be a lawful warrant. His ignorance is no excuse.[47]

Every citizen should when arrested (or at trial) request to see a warrant and check that it meets required criteria and object if it does not. Such vigilance is necessary to secure liberty and to stop unlawful and oppressive measures from continuing in government.

42 5 *American Jurisprudence,* 2d ed., "Arrest," § 7, p. 700; citing, *Leighton v. Hall,* 31 Ill. 108 (1863).

43 5 *American Jurisprudence,* 2d Ed., "Arrest," § 8, p. 702.

44 *Giordenello v. United States,* 357 U.S. 480, 78 Sup. Ct. 1245 (1957).

45 *The State v. Gleason,* 32 Kan. Rep. 245, 251 (1884).

46 61 *American Law Reports,* Annotated, pp. 377-379; *Housh v. People,* 75 Ill. 487 (1874).

47 Tiedeman, *Limitations of Police Power,* p. 83, citing: *Grumon v. Raymond,* 1 Conn. 39; *Clayton v. Scott,* 45 Vt. 386.

# 7

# BRINGING ARRESTED PERSON BEFORE A MAGISTRATE

## Duty of Officer

It is a fundamental rule of procedure well grounded in the common law, that where an arrest is made the alleged offender is to be taken "before a magistrate to be dealt with according to law"[1] This is not only to be done, but done without delay, or without unnecessary delay, otherwise the arresting party is liable for a false imprisonment.

In *Blackstone's Commentaries,* Vol. 4, Chap. XXI, p. 292, it was stated that "A constable may, without warrant, arrest any one for a breach of the peace committed in his view, and carry him before a justice of the peace." The officer must bring a person he has arrested directly to a magistrate, otherwise it is a breach of duty.

> It is the duty of an officer or other person making an arrest to take the prisoner before a magistrate with reasonable diligence and without unnecessary delay; and the rule is well settled that whether the arrest is made with or without a warrant, an action for false imprisonment may be predicated upon an unreasonable delay in taking the person arrested before a magistrate regardless of the lawfulness of the arrest in the first instance.[2]

Thus, even if the arrest was lawful, a failure to take the person arrested to a magistrate will be regarded as unlawful imprisonment, As the Supreme Court of Minnesota held:

> Even though an arrest be lawful, a detention of the prisoner for an unreasonable time without taking him before a committing magistrate will constitute false imprisonment.[3]

In an exhaustive decision on the common law rule of the process and procedure for arrests, the Supreme Court of Mississippi, in the case of *Orick v. State,* said: "By the common law of England" an "arrest without warrant for a felony" can be made, "only for the purpose of bringing the offender before a civil magistrate." [4]

This procedure is the due process of law to be followed in depriving one of his liberty. Thus a failure or even a delay in following this process is an unlawful restraint or deprivation of liberty and thus a type of false imprisonment. The arresting officer has no authority to take a person to a jail and detain him there. His duty is to take the one arrested without delay to a court or magistrate, as said by the Supreme Court of Kansas:

1 *Muscoe v. Commonwealth,* 86 Va. 443, 447, 10 S.E. 534, 535 (1890).

2 *Mullins v. Sanders,* 189 Va. 624, 54 S.E.2d 116, 120 (1949), citing, 22 Am. Jur., False Imprisonment, § 20, p. 366; 35 C.J.S., "False Imprisonment," §§ 30, 31, pp. 545-547. Also: *Peckham v. Warner Bros. Pictures,* 36 Cal. App.2d 214, 97 Pac.2d 472, 474 (1939); *Oxford v. Berry,* 204 Mich. 197, 170 N.W. 83, 88 (1918).

3 *Kleidon v. Glascock,* 215 Minn. 417, 10 N.W.2d 394, 397 (1943).

4 *Orick v. State,* 140 Miss. 184, 105 So. 465, 470 (1925), citing, *Kurtz v. Moffitt,* 115 U.S. 487, 499 (1885).

> The law contemplates that an arrest either by an officer or a private person with or without a warrant is a step in a public prosecution, and must be made with a view of taking the person before a magistrate or judicial tribunal for examination or trial; and an officer, even, subjects himself to liability if there is an unreasonable delay after an arrest in presenting the person for examination or trial.[5]

The only reason that can justify having an arrested person in jail or detained by the arresting officer, is as a necessary step in bringing him before a magistrate, as so stated by the Supreme Court of Rhode Island:

> When an officer makes an arrest, without warrant, it is his duty to take the person arrested, without un- necessary delay, before a magistrate or other proper judicial officer having jurisdiction, in order that he may be examined and held or dealt with as the case requires. But to detain the person arrested in custody for any purpose other than that of taking him before a magistrate is illegal.[6]

Thus detainment in a jail for purposes of "booking" or fingerprinting or investigating the alleged crime, or interrogation of the prisoner is illegal.

In cases involving the commission of the most severe crimes, as in felonies, the one arresting is still required, without un-necessary delay, to bring the prisoner to the nearest magistrate or court as a matter of fundamental law:

> From the earliest dawn of the common law, a constable could arrest without warrant when he had reasonable grounds to suspect that a felony had been committed; and he was authorized to detain the suspected party such a reasonable length of time as would enable him to carry the accused before a magistrate. And this is still the law of the land.[7]

The Court went on to state that the officer making the arrest is liable for false imprisonment if he arrests with the intent of only detaining, or if his unreasonable delay causes a detainment. On pg. 1092 it stated:

> It cannot be questioned that, when a person is arrested, either with or without a warrant, it becomes the duty of the officer or the individual making the arrest to convey the prisoner in a reasonable time, and without unnecessary delay, before a magistrate, to be dealt with as the exigency of the case may require. The power to make the arrest does not include the power to unduly detain in custody; but, on the contrary, is coupled with a correlative duty, incumbent on the officer, to take the accused before a magistrate 'as soon as he reasonably can' (authorities cited). If the officer fails to do this, and unreasonably detains the accused in custody, he will be guilty of a false imprisonment, no matter how lawful the original arrest may have been. (Citing, 1 Hil. Torts, pp. 213-14, sec. 9).

Thus, where a person arrested is taken to a jail or sheriff's office and detained there, with no warrant issued before or after the arrest, it is false imprisonment. The one arresting has "a duty to immediately seek a magistrate," and that the failure to do so, "makes a case of false imprisonment, as a matter of law, is held by all the authorities."[8]

In a case involving an indictment for assault and false imprisonment, the Supreme Court of North Carolina held that in the process of a lawful arrest, the one arrested is to be taken immediately to a judge:

5 *Garnier v. Squires,* 62 Kan. 321, 62 Pac. 1005, 1007 (1900).

6 *Kominsky v. Durand,* 64 R.I. 387, 12 Atl.2d 652, 655 (1940). Authorities cited.

7 *Kirk v. Garrett,* 84 Md. 383, 406-07, 35 Atl. 1089, 1091 (1896).

8 *Heath v. Boyd,* 175 S.W.2d 214, 217, (Tex.–1943); *Brock v. Stimson,* 108 Mass. 520 (1871).

> [T]he question occurs, what is the officer to do with the offender when he shall have been arrested without warrant. All the authorities agree that he should be carried, as soon as conveniently may be, before some justice of the peace.[9]

Though this case involved an arrest without warrant, the Court said it is the duty of the arresting officer upon making an arrest, "whether with a warrant or without one," to carry the offender at once before a justice.

To take an arrested person to a jail to be detained and fingerprinted is a violation of his rights. It is proof the officer had no intent to bring the accused directly to a judge. In Anderson's *Treatise on the Law of Sheriffs,* the subject of an officer's duty after arrest was examined with this conclusion:

> It is the undoubted right on the part of a prisoner, on being arrested by a public officer or private citizen, and unquestionably a corresponding duty on the part of the one making the arrest, to take the prisoner before a court or magistrate for a hearing or examination and this must be done without unnecessary delay. The object of this right and corresponding duty is that the prisoner may be examined, held, or dealt with as the law directs and the facts of the case require. * * * It is highly improper and an invasion of the lawful rights of the prisoner to take him to any other place than to a proper court or magistrate.[10]

In deciding the proper duty and action of an arresting officer after making an arrest, the Supreme Court of Appeals for Virginia stated that the right of the accused to prompt judicial examination does not depend upon their statute law:

> But even if the circumstances of the arrest were not within the purview of this particular statute, it was the duty of the arresting officer to have taken the defendant within a reasonable time, or without unnecessary delay, before a judicial officer in order that the latter might inquire into the matter and determine whether a warrant should be issued for the detention of the defendant, or whether he should be released.[11]

And, in speaking on what manner of arrests were lawful at common law, and what are the procedures under the common law when an arrest is made, the Supreme Court of Rhode Island held that:

> Coupled with the authority to arrest went an imperative obligation on the officer to bring the arrested person before a magistrate without un- reasonable delay. Especially was this true where the arrest had been made without a warrant. * * * When an officer makes an arrest, without warrant, it is his duty to take the person arrested, without unnecessary delay, before a magistrate or other proper judicial officer having jurisdiction, in order that he may be examined and held or dealt with as the case requires; but to detain the person arrested in custody for any purpose other than that of taking him before a magistrate is illegal.[12]

This rule of law requiring an officer or person arresting to bring the party arrested before a magistrate is the same in all states and cannot be abrogated by statute. The same rule has been upheld in Federal courts, and is prescribed under Title 18 in the Rules of Criminal Procedure:

> An officer making an arrest under a warrant issued upon a complaint, or any person making an arrest without a warrant, shall take the arrested person without unnecessary delay before the nearest

9 *State v. Freeman,* 86 N.C. 683, 685-86 (1882).

10 Walter H. Anderson, *A Treatise on the Law of Sheriffs, Coroners and Constables,* Vol. I, § 179-80 (1941).

11 *Winston v. Commonwealth,* 188 Va. 386, 49 S.E.2d 611, 615 (1948). Authorities cited therein.

12 *Kominsky v. Durand,* 64 R.I. 387, 12 Atl.2d 652, 654, (1940). Authorities cited therein.

available federal magistrate, or in the event that a federal magistrate is not reasonably available, before a state or local judicial officer authorized by 18 U.S.C. § 3041.[13]

In a Federal case where a man was arrested by two F.B.I. agents assisted by two local policeman on an outstanding warrant for bank robbery, the agents placed the man in a police vehicle, drove a few blocks, and then parked on the street under a street lamp. The officers interviewed the man con- cerning the crime and within a few minutes he confessed to the crime. The Federal Court of Appeals said the confession was inadmissible and reversed his conviction, as the momentary parking of the police vehicle en route from the place of arrest was a detour from the path toward a prompt presentment before a magistrate. The Court stated:

> The law requires an arresting officer to bring an accused before a magistrate "as quickly as possible." (Cases cited). [14]

The rights of the accused were violated as he was not "promptly taken before a judicial officer as the law required," but instead was questioned while held in custody. It is said that police are guilty of oppression and neglect of duty when they willfully detain a prisoner without arraigning him before a magistrate within a reasonable time.[15]

In a case where a person sued for being arrested without warrant and confined in a jail without examination before a court or magistrate, it was found on appeal that such action was unlawful, and the Supreme Court of Illinois held:

> We are of opinion, the arrest of the plaintiff was illegal, and the verdict contrary to the law and the evidence. And if the arrest was legal, they did not proceed according to law, and take him before a magistrate for examination, but conveyed him to another county, and there imprisoned him in the county jail, in a filthy cell, thus invading one of the dearest and most sacred rights of the citizen, secured to him by the great charter of our land. *Kindred v. Stitt,* 51 Ill. 401, 409 (1869).

The requirement of bringing an arrested person directly to a court or judge is due process of law, and as such this procedure cannot be abrogated by statute.[16]

### As a Trespasser Ab Initio

It is a familiar rule of law that one who abuses an authority given him by law becomes a trespasser *ab initio.*[17] That is, he becomes a wrongdoer from the beginning of his actions.

Where one fails to take a prisoner he has arrested to a proper judge, or where he causes an unreasonable delay in doing so, the officer becomes a trespasser *ab initio.*[18] The unlawful confinement by an officer makes the entire transaction, including the arrest, unlawful and a trespass.

Thus even in cases where an executive officer had made a lawful arrest, if he fails to

13 18 U.S.C.A. "Rules of Criminal Procedure," Rule 5, p. 29.

14 *Greenwell v. United States,* 336 Fed.2d 962, 965 (1964).

15 *People v. Mummiani,* 258 N.Y. 394, 180 N.E. 94, 96 (1932); *Peckham v. Warner Bros. Pictures,* 36 Cal. App.2d 214, 97 Pac.2d 472, 474 (1939).

16 For other cases on this matter see: *Judson v. Reardon,* 16 Minn. 387 (1871); *Long v. The State,* 12 Ga. 293, 318 (1852); *Moses v. State,* 6 Ga. App. 251, 64 S.E. 699 (1909). *Hill v. Smith,* 59 S.E. 475 (Va.–1907); *Folson v. Piper,* 192 Iowa. 1056, 186 N.W. 28, 29 (1922); *Edger v. Burke,* 96 Md. 715, 54 Atl. 986, 988 (1903); *Bryan v. Comstock,* 220 S.W. 475.

17 *Leger v. Warren,* 62 Ohio St. 500, 57 N.E. 506 , 508 (1900).

18 *Great American Indemnity Co. v. Beverly,* 150 F.Supp. 134, 140 (1956).

bring the arrested person to a magistrate he becomes a trespasser *ab initio* and liable:

> An officer, who has lawfully arrested a prisoner, may be guilty of false imprisonment if he holds him for an unreasonable length of time without presenting him for hearing or procuring a proper warrant for his detention. [19]

The New York Supreme Court of Appeals stated the correct exposition of the law in a case where it said that "even though the arrest, when made, was legal and justified," the officers "became trespassers *ab initio* and so continued to the time of plaintiff's release because of their failure to take him before a Magistrate as required."[20] And the Court of Claims of New York, in a case where the officers delayed in the claimant's arraignment, held that:

> If there was an unnecessary delay [in arraigning the claimant before a Justice of the Peace], then the arrest itself became unlawful on the theory that the defendants were trespassers ab initio and so continued down to the time when the plaintiff was lawfully held under a warrant of commitment, regardless of whether or not the plaintiff was guilty of any crime (numerous cases cited). In Pastor v. Regan, supra, it is said that: "The rule laid down in the Six Carpenters' case, 8 Coke, 146, that if a man abuses an authority given him by the law he becomes a trespasser ab initio, has never been questioned."[21]

Where one was arrested for being intoxicated and confined in a prison without judicial inquiry, it was held to be a wrongful imprisonment. On this matter the Supreme Court of Washington stated:

> Nor is a police officer authorized to confine a person indefinitely whom he lawfully arrested. It is his duty to take him before some court having jurisdiction of the offense and make a complaint against him. * * * Any undue delay is unlawful and wrongful, and renders the officer himself and all persons aiding and abetting therein wrongdoers from the beginning.[22]

Thus when one fails to perform part of his duty and it impinges upon the rights of a citizen, he is said to be a trespasser from the beginning because his whole justification fails, and he stands as if he never had any authority at all to act.[23]

## Detainment Is Not A Decision Of Arresting Officer

The basis of the well established procedure in law of taking a person arrested directly to a judge or court, is to avoid having the liberty of the citizen unjustly dealt with by extra-judicial acts of executive officers.

> We believe that fundamental fairness to the accused requires that he should with reasonable promptness be taken before a magistrate in order to prevent the application of methods approaching what is commonly called the "third degree." "Fundamental fairness" prohibits the secret inquisition in order to obtain evidence.[24]

Other reasons for the purpose of this rule requiring that the arrested accused "be taken before a magistrate as quickly as possible, is to

19 Thomas Cooley, *A Treatise on the Law of Torts,* Vol. I. § 114, p. 374 (numerous authorities cited therein).

20 *Farina v. Saratoga Harness Racing Assn.,* 246 N.Y.S.2d 960, 961 (1964). *Seguin v. Myers,* 108 N.Y.S.2d 28, 30 (1951).

21 *Bass v. State,* 92 N.Y.S.2d 42, 46-47, 196 Misc. 177 (1949).

22 *Ulvestad v. Dolphin et al,* 152 Wash. 580, 278 Pac. 681, 684 (1929).

23 *Brock v. Stimson,* 108 Mass. 520 (1871), authorities cited; *Hefler v. Hunt,* 129 Me. 10, 112 A. 675, 676 (1921).

24 *State v. Schabert,* 15 N.W.2d 585, 588 (Minn. 1944). Also: *Floyd v. Chesapeake & O. Ry. Co,* 164 S.E. 28, 30 (W.Va. 1932); *U.S. v. Middleton,* 344 Fed.2d 78., 82 (1965).

make certain that the person arrested is advised by a judicial officer of his con- stitutional rights."[25] This is not a duty of the officer through the erroneous "Miranda Warning." The only reason such warnings are being used is because police are not doing their duty in bringing the person arrested to a judicial officer, but instead are unlawfully taking them to a jail to have them "booked."

The detainment of a person after he is arrested is a judicial question. A judicial officer must decide if there are grounds for holding the person arrested, or whether he must be further examined by trial, or if he is to be bailed and released. To allow the executive department such powers of decision making is the epitome of despotism.

In a suit for false imprisonment where several officers arrested the plaintiff on grounds he committed a felony, the Supreme Judicial Court of Massachusetts held the officers had no right to decide to detain the plaintiff to enable them to make a further investigation of the charge against him. The Court declared that:

> But having so arrested him, it was their [the officers'] duty to take him before a magistrate, who could determine whether or not there was ground to hold him. <u>It was not for the arresting officers to settle that question</u> (authorities cited). * * * The arresting officer is in no sense his guardian, and <u>can justify the arrest only by bringing the prisoner before the proper court</u>, that either the prisoner may be liberated or that further proceedings may be instituted against him.[26]

In a case where one was accused by another of stealing a watch, and subsequently arrested and put in jail for one hour and then released, the sheriff was found guilty of false imprisonment as he "failed to take the person arrested before a magistrate." The Supreme Court of Indiana upheld the conviction stating that:

> [T]he power of detaining a person arrested, or restraining him of his liberty, is not a matter within the discretion of the officer making the arrest.[27]

The Court further stated that the sheriff cannot legally hold the person arrested in custody for a longer period of time than is reasonably necessary, under all the circumstances of the case, without possessing a proper warrant or taking him before a magistrate. If he does it is false imprison- ment. Thus where a sheriff had arrested two prisoners and detained them for five hours without making any effort to take them before a magistrate, he was guilty of false imprisonment. In this case the Supreme Court of Idaho said:

> The rule seems to be that an officer arresting a person on criminal process who omits to perform a duty required by law, such as taking the prisoner before a court, becomes liable for false imprisonment.[28]

The law never allows an officer at his dis- cretion to imprison the person arrested or detain him in a jail after arrest:

> We have no doubt that the exercise of the power of detention <u>does not rest wholly with the officer making the arrest</u>, and that he should, within a reasonable time, take the prisoner before a circuit, criminal, or other judicial court. * * * In a case where the arrest is made under a warrant, the officer must take the prisoner, without any unnecessary delay, before the magistrate issuing it, in

25 *Greenwell v. United States,* 336 Fed.2d 962, 966, 119 U.S.App.D.C. 43 (1964).

26 *Keefe v. Hart,* 213 Mass. 476, 100 N.E. 558, 559 (1913).

27 *Harness v. Steele,* 64 N.E. 875, 878 (1902). Also, *Stromberg v. Hansen,* 177 Minn. 307, 225 N.W. 148, 149 (1929).

28 *Madsen v. Hutchison, Sheriff, et al.,* 49 Idaho 358, 290 Pac. 208, 209 (1930), numerous cases cited.