**AFFIDAVIT OF John Leonard Riccio**
**RE: CIVIL RIGHTS VIOLATIONS BY JUDGE TORRES**

State of Rhode Island
County of Washington, SS:

John Riccio, being first duly cautioned and sworn, under penalty of perjury, deposes and says as follows:

1. I am Appearing as a Witness in my Own Defense in My Criminal Trial with this Affidavit supporting of My Claims against Judge Ernest Torres and My Public Defender Kevin Fitzgerald with the Silent Approval of the U.S. Prosecutor to Obstruct Justice by working in Concert to Deprive Me of My Constitutional Right of Due Process and to be able to Properly Prepare and Present a Proper Defense. I am making the following statement under penalty of perjury to prove Obstruction of Justice and Deprivation of My Constitutional Rights by Judge Ernest Torres, Public Defender Kevin Fitzgerald, and the U.S. Prosecutor's who All Acted In Concert to Prevent Me From Exercising My Guaranteed Constitutional Rights. This resulted in a Willful Obstruction of Justice that prevented me from being able to Exercise My Constitutional Right of Due Process and Civil Rights. The following, some of which were just discovered yesterday, will provide Absolute, Irrefutable Evidence of Collusion to Obstruct Justice in Hindering John Riccio from presenting a Proper Defense that could prove him Innocent.

**I was appointed Public Defender Kevin Fitzgerald. Public Defender's have taken an Oath of Office to Support and Defend the U.S. Constitution. Furthermore, they are supposed to Defend their Client's to the Best of Their Ability Under the Law. Kevin Fitzgerald's Performance as a Public Defender showed both Extreme Negligence and Incompetence. He made No Effort to Defend Me. He only wanted me to Admit I Was Guilty. Judge Ernest Torres is trying to hold me Liable for Kevin Fitzgerald's Negligence and Incompetence. Kevin Fitzgerald Admitted to me that he Had Not Won a Case and that it was his job to Support the U.S. Prosecutor. Kevin Fitzgerald's Performance proved he was working for the U.S. Prosecutor and not for the Defendant. I kept complaining that the U.S. Prosecutor had not given me that Evidence and List of Witnesses to be used At Trial. The Response was the Prosecutor was too busy and Kevin Fitzgerald said he had all he needed. FOR THE RECORD, KEVIN FITZGERLAND LIED TO ME. Yesterday I found out he had Filed a Feb. 12, 2007 Motion For To Continue Empanelment and Extend the Time For Filing Motions. THE PUBLIC DEFENDER NEVER DISCUSSED THIS MOTION WITH ME MAKING THE MOTION A FRAUD UPON THE COURT. Asking for the Continuance was alright, but he Illegally added "The additional time requested is excludable under the Speedy Trial Act 18 USC Sec. 3161(h)(8)." Not only would I never Authorize that sentence in a Thousand Years, but it is a Fraudulent Statement according to the U.S. Supreme Court in the Zedner Case that has been filed in the Instant Case. The U.S. Supreme Court repeatedly stated "One Cannot Give Up His Right to a Speedy Trial." Legally "One Cannot Contract Away Constitutional Right." Zedner in the Speedy Trial Case repeatedly asked for**

**Continuances to try and prove himself innocent and even Signed a Waiver of His Constitutional Right to a Speedy Trial, but the U.S. Supreme Court Ruled NO, NO, NO, One Cannot Give Up His Right To a Speedy Trial. The Same Constitutional Right Applies to John Riccio, but Public Defender Kevin Fitzgerald Violated that Constitutional Right by placing a Fraudulent Sentence in the Motion Stating I was giving up my right to a Speedy Trial by agreeing to excluding the 60 Day Continuance from the Speedy Trial Clock. This is a Willful Violation of My Constitutional Right of Due Process and Obstruction Of Justice.**

In the Public Defender's Memorandum In Support of Motion to Continue Empanelment and Extend the Time For Filing Motions, the Public Defender Performed Fraud Upon the Court by his False Statements and provided Evidence of being in Collusion with the U.S. Prosecutor Violating My Constitutional Right to have Competent Representation and my Constitutional Right of Due Process. "Mr. Riccio states the additional time is needed **for the Government and defense to complete the Discovery Process, including Defense Investigation."** First, the Public Defender is to Represent John Leonard Riccio, not the Government. This proves Kevin Fitzgerald is a Puppet For the Prosecutor. His mention of "Defense to Complete Discovery" is a bald faced lie. John Riccio repeatedly Demanded Copies of All of the Prosecutor's Evidence and List of Witnesses. The Public Defender made no effort to Demand the Prosecutor's Evidence and List of Witnesses. **I RECEIVED COPIES OF THE EVIDENCE AND LIST OF WITNESS TODAY, NOT 30 DAYS PRIOR TO TRIAL AS REQUIRED BY LAW. LEGALLY THE U.S. PROSECUTOR DOES NOT HAVE THE LEGAL RIGHT TO PRESENT WHAT I JUST RECEIVED TODAY AND THE DAILY MAILINGS TO ME OF DOCUMENTS IN THE LAST WEEK (IN LATE APRIL KEVIN FITZGERALD SENT ME GOVERNMENT DOCUMENTS TO BE USED BY THE PROSECUTER CHAFFEE WITH THE RELAYED MESSAGE THAT THIS WAS ALL THE DOCUMENTS THAT THE GOVERNMENT HAD AND COULD USE AT MY TRIAL) OR MY CONSTITUTIONAL RIGHT OF DUE PROCESS WILL BE WILLFULLY VIOLATED. THIS WOULD BE AN OBSTRUCTION OF JUSTICE. JUDGE ERNEST TORRES REFUSED TO GIVE ME A CONTINUANCE TO OBTAIN EVIDENCE AND WITNESSES. INSTEAD HE GAVE ME 7 DAYS TO PREPARE 6 MOTIONS AND 12 DAYS TO PREPARE FOR TRIAL. THE FEDERAL GOVERNMENT HAS BEEN PREPARING FOR THIS TRIAL FOR OVER A YEAR!! THIS SHOWS EXTREME BIAS AS WELL AS VIOLATING MY CONSTUTITONAL RIGHT OF DUE PROCESS & CIVIL RIGHTS.**

**I believe Judge Torres backdated the March 6, 2007 Void Order. Without A Competent Witness from a Non U.S. Government Employee Under Penalty of Perjury and the Right to be Investigated that this Order Was Filed on Mar. 6, 2007, then THERE IS NO EVIDENCE THAT IT WAS FILED ON MAR. 6, 2007. THE OPINION OF A JUDGE & ATTY. ARE NOT ADMISSIBLE AS EVIDENCE IN COURT, SO SAYETH THE U.S. SUPREME COURT. (See Exhibit Page 17-18 Richard Cornforth Re Opinion of Atty. & Judge) Also Very Important Legally is the Following: For a Court Order To Be Valid, a Copy MUST Be Delivered to All**

**Parties Within 30 Days of the Court Order. I JUST RECEIVED MY COPY YESTERDAY. THIS MAKES THE COURT ORDER VOID ON ITS FACE. TAKE JUDICIAL NOTICE: A JUDGE DOES NOT HAVE THE AUTHORITY OR JURISDICTION TO TAKE AWAY OR VIOLATE ONE'S CONSTITUTIONAL RIGHTS. The U.S. Supreme Court in the Zedner Case clearly stated that One Cannot Give Up His Right To a Speedy Trial. Judge Ernest Torres did not have the Authority or Jurisdiction to Take Away a Constitutional Right. In doing so, Judge Torres Acted Without Jurisdiction and is Guilty of TREASON, so sayeth the U.S. Supreme Court plus Willfully Violating John Riccio's Constitutional and Civil Rights as well as Obstructing Justice.**

**IN ALL COURTS OF LIMITED JURISDICTION, ALL ORDERS MUST CONTAIN THE SPECIFIC FINDINGS THAT THE COURT HAS JURISDICTION. The Opinion of a Judge is not Evidence and does not meet the Criteria for "Specific Findings." The Criteria is called "Legal Evidence', not Opinion of an Atty. or Judge. "All Orders or Judgments issued by a Judge in a Court of Limited Jurisdiction MUST contain the findings of the court showing that the Court has Subject Matter Jurisdiction, not Allegations that the Court has Jurisdiction." In re Jennings, 68 Ill.2d 125, 368 N.E.2d 864 (1977) ("in a special statutory proceeding an order MUST contain the Jurisdictional Findings prescribed by Statute."); Zook v. Spannaus, 34 Ill.2d 612, 217 N.E.2d 789 (1966)**

Jurisdiction can be Challenged At Any Time In Any Court. The Court cannot precede Without Jurisdictional Evidence On The Record. Judge Torres has repeatedly Violated This Legal Requirement. Judge Torres just gives his Opinions or Allegations and then continues Without Jurisdiction. "Once Jurisdiction is Challenged it MUST Be Proven." Hagens v. Lavine, 415 U.S. 533, note 3. "No Sanctions can be Imposed absent Proof of Jurisdiction." Standard v. Olsen, 74 S.Ct. 768. (See Exhibit 7 Pages Re Subject Matter Jurisdiction)

These Constitutional Right Violations included refusing to Accept the Fact that according to the U.S. Supreme Court Zedner Case & the Speedy Trial Act that the Case MUST Be Dismissed for Violation of the Speedy Trial Act of 1974 70 Day Requirement versus the 108 Days as of May 17, 2007 Filing of the Motions. The Appellate Court Cases from the "Treatise On the Unlawful Arrest and False Imprisonment" as they applied to John Riccio in Criminal Case No: 07-012T were also Disobeyed by Judge Ernest Torres giving the Court No Subject Matter Jurisdiction. The Violations were compounded by Judge Ernest Torres refusing to Grant John Riccio a Continuance to Properly Prepare For Trial as is normally agreed to by Judges to Licensed Attorneys. This is Evidence of Bias & Prejudice against John Riccio, a Non Licensed Litigant. Being given only One Week to prepare 6 Motions and work left John Riccio With No Time to prepare for Trial. Then Judge Torres gave John Riccio only 5 more days to prepare for Trial and No Opportunity to Subpoena Grand Jury Witnesses as is John Riccio's Constitutional Right to Verify if the Grand Jury conducted a Legal and Valid Grand Jury as well as to Face His Accusers. **Judge Torres Totally Compromised and**

**Prevented John Riccio from being able to adequately Prepare For Trial resulting in a Clear Violation of His Constitutional Right of Due Process and Civil Rights.**

[FOR THE RECORD, UPON THE OATH OF OFFICE AND BOND OF THE COURT (CLERK, JUDGES, AND ALL OTHER OFFICERS OF THE COURT)] I standing in God's kingdom, accept for value and honor the Judges and Officers of the Court their Oaths of Office without the UNITED STATES and each of you and I now have a binding private contract "so help me God", that each of you will protect and defend all my God given and Constitutionally declared rights. **Judge Torres, the Public Defender, and the U.S. Prosecutor have Violated this Solemn Contract. Violation of a Contract is supposed to have Legal Consequences.**

2. I would like to take SPECIAL JUDICIAL NOTICE that as both a Sovereign and an American Citizen I have an Absolute and Irrefutable Constitutional Right to be Judged Under Common Law per the U.S. Constitution that includes Article VI Supremacy Clause that is the SUPREME LAW OF THE LAND. Common Law goes back to the Magna Carta and was the Foundation of the U.S. Constitution. As a result, Judge Ernest Torres does not have the Authority, Discretion, or Jurisdiction to refuse to Judge this Case Under Common Law or he is Violating John Riccio's Constitutional Rights, particularly those under 18 U.S.C. Sec. 241, 242, & 42 U.S.C. Sec. 1983, and the Judge's Judicial Oath to Support and Defend the U.S. Constitution. **When Judge Torres Denied John Riccio's "Judicial Notice" to be Judged Under Common Law and the 4 Other Motions, these Biased and Illegal Acts provided Absolute, Irrefutable Evidence of Bias and Total Disregard for the U.S. Constitution as well as for Willfully Violating 18 U.S.C. Sec. 241, 242, and 42 U.S.C. Sec. 1983.** The Cornerstone of Common Law is that "Someone MUST Be Damaged and there MUST Be a Competent Witness." Without Legal Evidence of Someone Being Damaged and a Competent Witness, it is impossible to Legally Find a Defendant Guilty Under the Law. John Riccio Has Reserved His Constitutional Right to Be Judged Under Common Law as is his Constitutional Right to do.

3. The Fourth Amendment to the U. S. Constitution clearly states that one cannot be Arrested Without a Warrant and Without an Affidavit of Probable Cause. "The right of the people to be secure in their **PERSONS,** houses, papers, and effects, against unreasonable searches and seizures, SHALL NOT BE VIOLATED, AND NO WARRANT SHALL ISSUE, BUT UPON PROBABLE CAUSE, SUPPORTED BY OATH or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." **No Warrant was ever issued against John Riccio, so this Court Has No Jurisdiction. Furthermore when an Arresting Officer does not have the Warrant In His Possession, It Totally Invalidates the Arrest giving the Court No Subject Matter Jurisdiction. The Defendant has an Expert Witness. (See Exhibit 76 Pages "A Treatise On Arrest and False Imprisonment") <u>No Judge, including Judge Ernest Torres, has the Authority or Jurisdiction to Willfully Disobey Statutes, Appellate Court Cases, U.S. Supreme Court Cases, Common Law, & Treaties covered under Article VI Supremacy Clause of the U.S. Constitution.</u>**

The following Facts will prove that John Leonard Riccio was Unlawfully Arrested and Falsely Imprisoned. #1. There was No Arrest Warrant or Supporting Affidavit as required by the 4th Amendment to the U.S. Constitution. If there had been one, it would have had to be Signed By a Judge to be a Valid Arrest Warrant. The Defendant John Riccio only received an Indictment that was not Signed By a Judge and a Summons In a Criminal Case that also was not Signed By a Judge. Neither had a Sworn Affidavit outlining the Probable Cause & a Competent Witness as required under Common Law and the Fourth Amendment to the U.S. Constitution. **The 4th Amendment of the U.S. Constitution clearly calls for a Warrant. There is No Mention of an Indictment or a Summons being the same as a Warrant plus the Fact that No Judge Signed either one. As a result, this Court Has No Jurisdiction.** #2. When an Arrest is Invalid, then Any Conviction MUST Be Overturned. Not having a Warrant and an Affidavit according to the U.S. Constitution INVALIDATES the Arrest and Any Subsequent Conviction. It was also a clear Violation of My Constitutional Right of Due Process according to Appellate Court Cases.

"What is due process of law may be ascertained by an examination of those settled usages and modes of proceedings existing in the Common and Statute Law of England before the emigration of our Ancestors. Twining v. New Jersey, 211 U.S. 78, 100 (1908)." "In determining the law surrounding arrests, the Supreme Court of South Carolina, in the case of State v. Byrd, 72 S.C. 104, 51 S.E. 542, 544 (1905) At Common Law, as a general rule, an arrest could not be made without Warrant for an Offense less than felony, except for a breach of the peace. 3 Cyc. 880; 880 State v. Sims, 16 S.C. 486."

The Supreme Court of North Carolina stated In 6 C.J.S. Arrest Sec. 4, p. 576 et seq., we find the general rule stated as follows: "The Warrant MUST at the time of Arrest be in the Possession of and with the Person purporting to Act there under or of one with whom he is Acting in Conjunction." In Beale's Pl. & Pr. Sec. 18 it is said "An Officer arresting on a Warrant must have the Warrant with him, and must show it on request." In the Virginia Case of Muscoe v. Commonwealth, in which a policeman undertook to arrest Muscoe for a past misdemeanor, without a warrant, and Muscoe shot and killed him. He was Convicted of murder but the Appeal the Court Reversed the Conviction stating "Indeed, not only must there be a Warrant in the class of cases last mentioned [misdemeanors], but, to justify the arrest, the officer MUST have the Warrant with him in at the time." In 1 Bish, New Crim. Proc. Sec. 190, it is said: "to justify an arrest under a warrant, the officer must have it in possession; and, if though delivered to him, he leaves it at his office or station house, it will not protect him." In Crosswhite v. Barnes, supra, it was stated that the arresting officer must have the warrant with him, "and MUST show it on request." In the annotator's summary of a note in 42 L.R.A. at page 682, it is said: An accused person, if he demands it, is entitled to have the warrant for his arrest shown to him at the time of arrest." (See also 51 L.R.A. 211) **This Lack of Possession of the Arrest Warrant Invalidates the Arrest and gives the Court No Jurisdiction over the Charge of Violating 18 U.S.C. Sec. 1001.**

4. The Constitutional Right of Due Process requires that an Arresting Officer take a Defendant Directly to a Magistrate or Judge or he is Guilty of False Imprisonment. If the Arresting Officer does not take the Defendant Directly to a Magistrate, the Defendant John Riccio is being Denied the Constitutional Right of Due Process to Obtain Bail and to not be Booked, Fingerprinted, and in many Cases like John Riccio, the Right to Bail so not to be Subjected to being Booked, Photographed, and Fingerprinted. The Officer did not take Me to the Magistrate until after being Booked, Photographed, and Fingerprinted Violating My Constitutional Right of Due Process. The New York Supreme Court in the Gow Case stated "the duty of every member of the police force under penalty of a fine or dismissal from the force, immediately upon arrest, to convey the offender, not to police headquarters to be photographed and measured, but before the nearest sitting magistrate that he may be dealt with according to law." (p. 1016) The Gow case was upheld several years later by the Supreme Court, in a case where it was acknowledged "that the taking of a plaintiff's picture before conviction was an Illegal Act." Article 1, section 6, of the Constitution of New York provides "No person shall *** be compelled in any criminal case to be a witness against himself; nor be deprived of life, liberty, or property without Due Process of Law." "Finger printing is an encroachment on the Liberty of a Person. It is justifiable, as is imprisonment, upon conviction for crime, in exercise of the police powers of the state."

The following Legal Citations sum up the Absolute Requirement of One's Constitutional Right of Due Process. "It must not be forgotten that there can be No Arrest Without Due Process of Law. An Arrest Without Warrant has never been Lawful, except in those cases where the public security requires it; and this has only been recognized in felony, and in breaches of the peace committed in the presence of the officer." Ex pate Rhodes, 2002 ala. 68, 79 So. 462, 465; citing, Sarah Way's Case, 41 Mich. 304, 1 N.W. 1023 (1879), et al. Also cited and affirmed in Pinkerton v. Verberg, 78 Mich. 573, 44 N.W. 579, 583 (1889); State v. Williams, 45 Ore. 314, 77 Pac. 965, 969, (1904); Adair v. Williams, 24 Ariz. 422, 210 Pac. 853, 856 (1922). In Allor v. Wayne Co., 43 Mich. 76, 97, 4 N.W. 492, 495-96 (1880), Mr. Justice Campbell says: "The Constitution has also provided that No One shall be deprived of Liberty without Due Process of Law, and has provided that No Warrant shall issue except upon Oath or Affirmation establishing probable cause." In Wharton on Criminal Law, vol. 1, Sec. 751e, it is said: "No man has a right to take away another's liberty, even though with consent, except by Process of Law." The New York Supreme Court of Appeals stated the correct exposition of the law in a case where it said that "even though the arrest, when made, was legal and justified," the officers "became trespassers ab initio and so continued to the time of plaintiff's release because of their failure to take him before a Magistrate as required."

**5. The Judge Torres Court Had No Jurisdiction because the Defendant's Constitutional Right of a Speedy Trial and a Violation of the 1974 Speedy Trial Act Has Been Violated.** Proof of Violation of the 1974 Speedy Trial Act is verified from the U.S. Supreme Court Zedner vs. United States, No. 05-5992 (U.S. 06/05/2006). The U.S. Supreme Court gave a clear and precise ruling regarding the 70 Day Speedy Trial Act. #1. The Speedy Trial Clock starts when a Defendant is Arrested or Arraigned. The Defendant Was Arraigned on Jan. 29, 2007. The U.S. Supreme Court Ruled in the Zedner Case that went on for over 3 years that the "Speedy Trial Clock" can only be suspended if the Judge makes an "In Interest of Justice Statement" On the Record or in Writing explaining Why the Continuance is "in the Interest of Justice." Without this "In the Interest of Justice Statement", there can be no delay in the 70 Day Speedy Trial Act Clock. **Defendant John Riccio Was Arraigned on Jan. 29, 2007. As of May 17, 2007 Without Any "In Interest of Justice Statement" in the Instant Case, the Speedy Trial Clock has reached 108 Days proving the 70 Day Speedy Trial Act has been Violated. As a result, the Judge Torres Court Had No Jurisdiction and the Case MUST BE DISMISSED.**

**(See Exhibit of Zedner Case) "[15] 2. Petitioner is not estopped from challenging the excludability under the Act of the 1997 continuance." "[16] When a District Court makes No Findings On The Record to Support a Sect. (h)(8) continuance, harmless error is not appropriate." "[17] 4. Because the 91 day continuance, which was not excluded from the Speedy Trial Clock, exceeded the maximum of 70 day delay, the Act Was Violated." There has been "No In the Interest of Justice Statement in My Case proving that the Speedy Trial Act reached 108 Days on May 17, 2007, thus Violating the Speedy Trial Act.** In the Zedner Case, the U.S. Supreme Court very clearly stated that a Defendant Cannot Give Up His Constitutional Right to a Speedy Trial and that any Continuance MUST have the following statement if the Continuance is to be Excluded From the 70 Day Speedy Trial Act of 1974. To be Excluded from the 70 Day Speedy Trial Limit, the Judge MUST make a Statement On the Record or in Writing that the "Continuance was being made In the Interest of Justice and the Legal Reasons for being In the Interest of Justice are the following." **The Defendant Cannot Give Up His Right to a Speedy Trial and Did Not Do So. The Public Defender tried to state that John Riccio was willing to Give Up His Right to a Speedy Trial, but this was a Fraud Upon The Court Statement. Judge Torres had No Authority or Jurisdiction To Take Away the Defendant's Constitutional Right to a Speedy Trial by Granting a Fraudulently Filed Motion For a Continuance that included an Illegally Stated Statement about giving up the Defendant's Constitutional Right To a Speedy Trial. This Motion & Statement were not Approved By the Defendant. When the Judge Torres Court Ignored and Disobeyed the U.S. Supreme Court Zedner Case Ruling, the Court Was Acting Without Jurisdiction and Violating John Riccio's Constitutional Right of Due Process and Civil Rights under 18 U.S.C. Sec. 241, 242, & 42 U.S.C. Sec. 1983.**

**6. When Judge Ernest Torres Defiantly Violated His Judicial Oath to Support and Defend the U.S. Constitution that includes Article VI Supremacy Clause that is the "Supreme Law of the Land" In Denying the following 5 Motions Filed By John Riccio, Judge Torres provided Absolute, Irrefutable "Prima Facie Evidence" of Violating 18 U.S.C. 241, 242, & 42 U.S.C. Sec. 1983.**

#1 Denied Motion: "Motion To Claim and Exercise Constitutional Rights and Require the Presiding Judge To Rule Upon This Motion, and all Public Officers of This Court to Uphold Said Rights." By Denying these Basic and Fundamental Rights of the U.S. Constitution, Judge Ernest Torres has provided Absolute Evidence that he has Knowingly Decided To Go To War Against the U.S. Constitution and be Guilty of TREASON according to the U.S. Supreme Court. (See Exhibit "Crimes Against the U.S. Government) "The United States Supreme Court has clearly, and repeatedly, held that Any Judge who acts Without Jurisdiction is engaged in an Act of Treason." U.S. Will, 449 U.S. 200, 216, 101 S.Ct. 471, 66 L.Ed.2d 392, 406 (1980); Cohens v. Virginia, 19 U.S. (6 Wheat) 264, 404, 5 L.Ed 257 (1821). **According to the Facts and the U.S. Supreme Court, Judge Ernest Torres is guilty of Treason and is At War Against the U.S. Constitution for Willfully Acting Without Jurisdiction.**

#2. Denied Motion: "Motion To Demand This Court Read All Pleadings Defendant Files With This Court, and Adhere Only To Constitutionally Complaint Law and Case Law, and More Particularly, the Bill of Rights, in its Rulings." **The Answer to #1 Denied Motion Applies to #2 Denied Motion. In addition, what can be More Blatant and Egregious Legally than for a Judge to Defiantly Rule that the "Bill of Rights" in the U.S. Constitution Do Not Apply to John Riccio. Such a Judge has No Legal Right to be a Judge because No Judge can legally be a Dictator or be Above The Law. The Denial of this Motion is an Admission of Violating 18 U.S.C. Sec. 241, 242, & 42 U.S.C. Sec. 1983.**

#3. Denied Motion: This "Judicial Notice" was to Claim & Reserve John Riccio's Constitutional Right to be Judged By Common Law. Judge Torres has ignored the Fact that Common Law goes back to the Magna Carta and was the Foundation of the U.S. Constitution. The Denial of John Riccio's Constitutional Right to be Judge Under Common Law is both an Affront to the U.S. Constitution and Any Sense of Fairness and Justice and further Evidence that Judge Ernest Torres is At War Against the U.S. Constitution. **The Answer to Denied Motions #1 & #2 Applies to Denied Motion #3.**

#4. Denied Motion: "Estoppel of Trial For At Least 30 Days Due To Fraud, Duress, Grand Jury, Subpoena of Witnesses, or 42 U.S.C. Sec. 1983 Will Be Violated & the Judge Can Be Held Personally Liable For Violation of Defendant's Constitutional Right of Due Process." The Rule of Law is based Upon Fairness and Justice. Rarely is a Licensed Attorney not given a Reasonable Continuance, so he can Properly Prepare For a

Trial. Not to do so would be a Violation of the Right of Due Process. By Denying a Pro Per Litigant's Most Reasonable and Necessary Right For a Continuance To Be Properly Prepared For Trial, it is an Affront on the U.S. Constitution Right of Due Process and a Violation of the 14th Amendment Equal Protection. John Riccio, a Pro Per Litigant has a Constitutional Right to Obtain the Same Treatment as do Licensed Attorneys or Judge Torres is Violating the 14th Amendment Equal Protection Clause. **The Answers to Denied Motions #1, #2, #3 Apply to #4.**

#5. Denied Motion: "Motion To Dismiss" outlined Irrefutable Defenses with either Statutes & U.S. Supreme Court Case that the Speedy Trial Act of 1974 has been Violated. Judge Torres Ignored and Disobeyed this Federal Statute and U.S. Supreme Court Case. Judge Torres also ignored and Disobeyed the Many Appellate Court Cases and U.S. Constitution 4th Amendment proving that John Riccio was subjected to Unlawful Arrest & False Imprisonment per 76 Pages of Appellate Court Cases and Legal Citations as an Expert Witness. John Riccio was never read his Miranda Rights as required when he was forced into Interrogation By Either TSA Supervisor Joe Salter or any Law Enforcement Officer. **The Answers to Denied Motions #1, #2, #3, #4 Apply to #5.**

## 7. ADDITIONAL REASONS WHY COURT HAD NO JURISDICTION

It is a Well-Established Legal Fact that any U.S. Citizen who is Interrogated MUST Be Read His Miranda Rights. TSA Supervisor Joe Salter and other TSA Agents NEVER Read John Leonard Riccio His Miranda Warning Rights, nor did Any Law Enforcement Officer read John Leonard Riccio His Maranda Warning Rights. **This is a Clear and Irrefutable Violation of John Riccio's Constitutional Rights. Miranda v. Arizona, 384 U.S. 346: "Where rights secured by the Costitution are involved, there can be No Rule Making or Legislation, which would abrogate them." As a result, the Judge Torres Court had No Subject Matter Jurisdiction over the Case.**

**It is a well established Fact according to U.S. Supreme Court and 3 Appellate Court Cases supported by FRE 901A & 902 particularly Note #8 & #9 that Non Rebutted Notarized Affidavits MUST Be Taken "Prima Facie Evidence" and as Fact and As Law. (See Exhibit Dec. 13, 2006 Notarized Affidavit of John Riccio To TSA Supervisors) This Sworn Affidavit proves that John Riccio is a Whistle Blower entitled to Whistle Blower Protection and also proves the Vindictiveness and Fraud of the TSA Supervisors and Agents as well as the U.S. Prosecutors. TAKE JUDICIAL NOTICE THAT THIS SWORN AFFIDAVIT WAS NEVER REBUTTED, SO IT IS PRIMA FACIE EVIDENCE OF John Leonard Riccio IS NOT GUILTY OF 18 U.S.C. 1001. The following U.S. Supreme Court Case & 3 Appellate Court Cases prove that the Dec. 13, 2007 Notarized Affidavit was Not Rebutted and this Notarized Affidavit MUST BE TAKEN AS "PRIMA FACIE EVIDENCE" IF IT IS NOT REBUTTED WITHIN 30 DAYS OR THIS COURT**

**WILL BE ACTING WITHOUT JURISDICTION VIOLATING THE PLAINTIFF'S CONSTITUTIONAL RIGHT OF DUE PROCESS.**

**"Indeed, no more than (Affidavits) is necessary to make the Prima Facie Case." United States v. Kis, 658 F.2d, 526, 536-537 (7th Cir. 1981); Cert Denied, 50 L.W. 2169; S.Ct. march 22, 1982.**
**Morris v. National Cash Register, 44 SW 2d 433.**
**Seitzer v. Seitzer, 80 Cal. Rptr. 688 "Uncontested Affidavit taken as true in Support of Summary Judgment."**
**Melorich Builders v. The SUPERIOR COURT of San Bernardino County (Serabia) 207 Cal. Rptr. 47 (Cal.App. 4 Dist. 1984) "Uncontested Affidavit taken as true in Opposition to Summary Judgment."**

U.S. Constitution Article VI Supremacy Clause requires All Judges and All Courts to Obey International Treaties. Judges have No Authority, Discretion, or Jurisdiction to Disobey an International Treaty. This includes the International Treaty at the Hague in Oct 1961 that was Ratified in the United States in Oct. 1981. This International Treaty allows for the Authentication of Public Documents by the Secretary of State of any of the States placing an Apostille Seal on the Document. The following Legal Evidence proves that the U.S. District Court did not have Any Jurisdiction in the Instant Case. In Jan. 2007, I became an International Sovereign as well as a U.S. Citizen with my "Act of State" with an Attached Apostille. This Notarized Public Record with an Apostille MUST Be Accepted as "Prima Facie Evidence." FRE 902 states when a Notarized Document is presented to the Court, "No Further Evidence Needed." **This means that both FRE 901A, 902 & the International Treaty of 1961 at the Hague that was Ratified in the United States in Oct. 1981 allows for an Apostille by a Secretary of State of any State to "Authenticate Any Public Document" proving that the Court had No Jurisdiction over John Riccio and any Violation allows for Damages of $10 million Per Violation.** The Defendant has filed a copy of his "Act of State" that was Notarized with an Apostille. This "Act of State" gave John Riccio absolute status of a Sovereign with Diplomatic Immunity. (See Exhibit of "Act of State") **This means No Judge or Court, even the U.S. Supreme Court, has the Authority or Jurisdiction to Disobey a Notarized Public Document with an Apostille.**

**When Judge Torres Denied the Filed Motions that are John Riccio's Constitutional Right of Due Process, Such a Denial is "Prima Facie Evidence" that Judge Ernest Torres is determined to "Control the Verdict" to the best of his Ability and meet Black's Dictionary Definition of Conducting a Kangaroo Court. "Term descriptive of a sham legal proceeding in which a person's rights are totally disregarded and in which the result is a foregone conclusion because of the bias of the court or other tribunal." Judge Torres's Denial of Constitutional Right Motions Willfully Violated All Aspects of Article VI Supremacy Clause and the Rule of Law in General. This was a "Travesty of Justice" as well as being "At War Against the U.S. Constitution" and Obstruction Of Justice.**

**Furthermore, Judge Ernest Torres provided absolutely No Evidence or Affidavit to Support his Unlawful Denial of the 5 Motions as required By Law. All Judge Torres provided was a Re-Characterization of John Riccio's Motions and only gave The Opinion of a Judge that is Not Admissible As Evidence In Court, so sayeth the U.S. Supreme Court. (See Exhibit Page 17-18 Richard Cornforth Re Opinion of Atty. & Judge) The Opinion of an Atty. and Judge Are Pure "Hearsay Evidence" under FRE. Under Common Law, there MUST Be Evidence of Someone Being Damaged and a Competent Witness. NO SUCH EVIDENCE WAS PRESENTED BY JUDGE TORRES OR THE U.S. PROSECUTOR.**

8. I am not an expert in the law however I do know right from wrong. If there is any human being damaged by any statements herein, if he will inform me by facts I will sincerely make every effort to amend my ways. I hereby and herein reserve the right to amend and make amendment to this document as necessary in order that the truth may be ascertained and proceedings justly determined. If the parties given notice by means of this document have information that would controvert and overcome this Affidavit, please advise me IN WRITTEN AFFIDAVIT FORM within (30) days from receipt hereof providing me with your counter affidavit, proving with particularity by stating all requisite actual evidentiary fact and all requisite actual law, and not merely the ultimate facts or conclusions of law, that this Affidavit is substantially and materially false sufficiently to change materially my status and factual declarations. Your silence stands as consent to, and tacit approval of, the factual declarations herein being established as fact as a matter of law. May the will of our Heavenly Father Yahvah, through the power and authority of the blood of his Son Yahshua be done on Earth as it is in Heaven.

RESERVING ALL NATURAL GOD-GIVEN UNALIENABLE
BIRTHRIGHTS, WAIVING NONE, EVER

28 U.S.C. Sec. 1746(1)

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Further Affiant sayeth naught

John Leonard Riccio, Affiant

Sworn to before me and subscribed in my presence this 22 day of May 2007

Karen J. Seippel

Notary Public

Notary for the State of Rhode Island
My Commission Expires ___________

KAREN J. SEIPPEL
NOTARY PUBLIC
STATE OF RHODE ISLAND
MY COMMISSION EXPIRES 12-8-07

I John Leonard Reese certify that this was handed to asst. US attorney on 5-23-06