IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR No.07-12T |
| | ) | |
| JOHN RICCIO | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The government submits for the court's consideration the transcript of the August 24, 2006 deposition of defendant by Wal-Mart's attorney Vivian Dogan. (Attached). The transcript was not admitted into evidence at trial but can be considered in determining defendant's sentence. The government submits the transcript in support of its Prosecution Version of the facts which defendant has objected to. On page 26 of the transcript defendant states that he has not worked for any other employer since he started his position with Wal-Mart in 2003. On page 28 defendant denies any earnings from any employer other than Wal-Mart since he was hired in 2003. The evidence is clear from the trial that he was employed by TSA during that period.

Defendant denied his Wal-Mart employment to TSA and denied his TSA employment to Wal-Mart. The trial record shows that defendant was seeking a worker's compensation settlement for complete disability from Wal-Mart even as he was employed as a weapons and explosives screener at T.F. Green for TSA. The government contends that this information is relevant for sentencing purposes on the issue of motive for the crime of

making a false statement and on the likelihood of committing further crimes.

This is not a case where the false statement was made to hide embarrassing information from the government. Instead the evidence is clear that defendant hid the Wal-Mart employment because he knew the TSA background inquiry to Wal-Mart might alert the company that he was employed at TSA thus frustrating his worker's compensation claim against Wal-Mart. The false statements were made with a clear-cut profit motive. This motive, the government argues, requires sterner punishment than the motive of simply embarrassment. There is a calculated lie involved in this case that reveals a criminal mentality that should be punished at the high end of the sentencing range.

The government notes that the sentencing range, 0-6 months imprisonment, is the same whether defendant accepts responsibility and receives the two point offense level reduction or does not accept responsibility. In this case even after the overwhelming evidence of his guilt and the absence of any coherent defense, defendant still has not accepted responsibility. Acceptance of responsibility is a key element in determining punishment for criminal wrongdoing. Does the criminal see the error of his ways or does he continue to believe he did no wrong? In this case the crime is lying to TSA to obtain a security sensitive position. Given defendant's total

unwillingness to accept any responsibility for his actions how confident is the court that he will not continue to lie in future circumstances. For instance, how confident is the court in anything the defendant has told probation about his finances or his medical history? In the government's view the defendant is not to be trusted in any way. This unrepentant con man should know that his actions and attitude will not be taken lightly by this court. A sentence of six months imprisonment is a minimal punishment for defendant and may go some way to deterring him from future scams.

The government further notes that defendant lied to obtain a security sensitive position. This is not a lie told in a minor matter, but rather told in a situation where trustworthiness is of high importance. Will a weapon or an explosive slip past an untrustworthy screener and lead to the destruction of a plane-load of people, that's what TSA is concerned about.

A jail sentence is merited under the factors of §3553. Certainly the history and characteristics of the defendant are those of a con man who needs to be punished. He lied to TSA and he lied in his deposition. The seriousness of the offense, the need to promote respect for the law and the need to provide just punishment, all call for a prison term. Nothing but a prison term will afford adequate deterrence to future criminal conduct. After all, if defendant is punished with merely a fine he will

likely find a way to avoid paying it. The public needs protection from future crimes by defendant and a prison term will at least keep him off the scene for a little while.

In the government's view defendant richly deserves at least the maximum guideline range sentence of 6 months in prison.

Respectfully submitted

UNITED STATES OF AMERICA
By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ ZECHARIAH CHAFEE
Zechariah Chafee
RI Bar No. 3364
Assistant United States Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
(401) 709-5000
(401) 709-5001
zechariah.chafee@usdoj.gov

**CERTIFICATION OF SERVICE**

On this 9th day of October, 2007, I caused the within Government's Sentencing Memorandum, with accompanying Memorandum in Support, to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Kevin J. Fitzgerald
Federal Defender's Office
10 Weybosset Street, Suite 300
Providence, Rhode Island 02903

And Prepaid Postage to:

John L. Riccio
122 King Phillip Drive
North Kingstown, Rhode Island 02852

/s/ ZECHARIAH CHAFEE
Zechariah Chafee
RI Bar No. 3364
Assistant United States Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
(401) 709-5000
(401) 709-5001
zechariah.chafee@usdoj.gov