UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR No. 07-012T |
| | ) | |
| JOHN RICCIO | ) | |

---

MOTION FOR STAY OF SENTENCE AND BAIL PENDING APPEAL

Now comes John Riccio, the Defendant in the above captioned matter, and moves this Honorable Court stay Mr. Riccio's prison sentence and continue his release pending appeal pursuant to 18 U.S.C. § 3143. Mr. Riccio intends to file his notice of appeal immediately.

Respectfully submitted
John Riccio
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was filed electronically with notification to Zechariah Chafee, Assistant United States Attorney, on October 11, 2007.

/s/ Kevin J. Fitzgerald

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR No. 07-012T |
| | ) | |
| JOHN RICCIO | ) | |

---

MEMORANDUM IN SUPPORT MOTION FOR STAY OF SENTENCE AND BAIL PENDING APPEAL

I. Introduction

Mr. Riccio respectfully submits this memorandum in support of his request for a stay of the Court's prison sentence and his continued release on bail pending his appeal. On this day, October 11, 2007, the Court sentenced Mr. Riccio to 3 months in the custody of the United States Bureau of Prisons with a report date of November 9, 2007. Mr. Riccio is filing his notice of appeal immediately and requests to remain released on bail during its pendency.

II. Argument

The District Court may grant a stay of sentence and release on bail pending appeal under the appropriate circumstances. First, the court must find that the defendant does not present a danger to the community or a risk of flight. 18 U.S.C. § 3143(b)(1). This Court has already determined that Mr. Riccio does not present a danger or a risk of flight at both the arraignment and post-conviction stages of this case. Also, the court must determine that the case presents substantial questions of law on appeal that are likely to result in a reversal or a new trial, or the sentence imposed is shorter than the expected time for the appeal process. *Id*. The First Circuit has interpreted "likely to result in [reversal]" to mean that the questions presented are close questions. *See United States v. Colon-Munoz*, 292 F.3d 18, 20 (1st Cir. 2002). The district court is not required to believe that it has made a mistake, only that the question is close. *See United States v. Bayko*, 774 F.2d 516, 521 (1st Cir.

1985) (district judge recognizing the problems with the "likely to result in reversal" standard).[1] The determination of close questions relies on examination of the facts in each individual case. Subject to review of the trial transcript, Mr. Riccio has two substantial questions to raise on appeal.

The first issue revolves around the sufficiency of the evidence. While sufficiency arguments are not necessarily the strongest on appeal, the government's evidence here had significant holes which undermine Mr. Riccio's conviction. Most distinct, the government was required to prove that any false statement, omission, by Mr. Riccio was material. Materiality is based on some harm. Essentially, if Mr. Riccio's omission had no effect on the government in fact, then it was not a material omission. The government failed to rely on Mr. Riccio's SF-85 questionnaire when making its decision to hire him in July, 2004. Moreover, the TSA never conducted Mr. Riccio's background investigation and therefore did not rely on any of the information in his SF-85 or subsequent SF-86 forms. The lack of reliance on the information in Mr. Riccio's questionnaires by the TSA at any stage brings the jury's finding of materiality into question.

More close was the government's misstatement of the evidence during its summation. The government stated that Wal-Mart's attorney, Vivian Dogan, testified that Mr. Riccio had lied to her during a deposition in September, 2006, about his employment. This evidence was not put before the jury. When the government tried to elicit that evidence the Court sustained Mr. Riccio's objection. Mr. Riccio immediately objected to the government's statements and moved to pass the case. The Court denied Mr. Riccio's motion for a mistrial and decided to instruct the jury to disregard the statement. The Court reiterated the instruction during its formal instructions to the jury after the closing arguments. The close question is whether the Court's attempt to curatively instruct was sufficient to "un-ring" the bell. *Compare United States v. Azubike*, 2007 U.S. App. LEXIS 22524, * (1st Cir., September 21, 2007) (determining insufficient corrective action by district court) *with United States v. Mangual-Garcia*, 2007 U.S. App. LEXIS 22220, *8-9 (1st Cir., September 18, 2007) (finding five curative instructions and iterations sufficient to cure government misconduct). Plainly, the Court could not make the jury forget that the government said Mr. Riccio had lied about

[1] The court stated, "[i]f I thought that there's a substantial inclination I was going to be reversed why should I find him guilty in the first place? That's asinine." *Bayko*, 774 F.2d at 521.

his employment to the Wal-Mart attorney on a separate occasion, but granting a mistrial would absolutely have corrected the government's misstatements.

III. Conclusion

The Court should grant this motion. Mr. Riccio has been released on unsecured bond throughout the proceedings in this case and has been fully compliant with all of his conditions of release. He does not present any danger to the community, nor does he present a risk of flight. He will appeal his conviction and sentence immediately, and his appeal will include close questions for review by the Court of Appeals. Additionally, the appeal process will take longer than the 3 month sentence imposed; absent this relief Mr. Riccio will serve his prison sentence regardless of the appellate outcome. For all of these reasons Mr. Riccio should remain released on bail pending his appeal.

Respectfully submitted
John Riccio
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this memorandum was filed electronically with notification to Zechariah Chafee, Assistant United States Attorney, on October 11, 2007.

/s/ Kevin J. Fitzgerald