IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR No.07-12T |
| | ) | |
| JOHN RICCIO | ) | |

**GOVERNMENT'S OBJECTION TO**
**DEFENDANT'S MOTION FOR BAIL PENDING APPEAL**

Comes now the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and Zechariah Chafee, Assistant United States Attorney, and hereby objects to Defendant's Motion For Bail Pending Appeal for those reasons stated in the accompanying memorandum.

Respectfully submitted

UNITED STATES OF AMERICA
By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ ZECHARIAH CHAFEE
Zechariah Chafee
RI Bar No. 3364
Assistant United States Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
(401) 709-5000
(401) 709-5001
zechariah.chafee@usdoj.gov

**CERTIFICATION OF SERVICE**

On this 23rd day of October, 2007, I caused the within Government's Objection To Defendant's Motion For Bail Pending Appeal, with accompanying Memorandum in Support, to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Kevin J. Fitzgerald
Federal Defender's Office
10 Weybosset Street, Suite 300
Providence, Rhode Island 02903

And Prepaid Postage to:

John L. Riccio
122 King Phillip Drive
North Kingstown, Rhode Island 02852

/s/ ZECHARIAH CHAFEE
Zechariah Chafee
RI Bar No. 3364
Assistant United States Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
(401) 709-5000
(401) 709-5001
zechariah.chafee@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA )
)
v. ) CR No.07-12T
)
JOHN RICCIO )

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO DEFENDANT'S MOTION FOR BAIL PENDING APPEAL**

**I. INTRODUCTION:**

Defendant has moved for bail pending the resolution of his appeal of his conviction after a trial of 18 U.S.C. §1001 Making False Statement and his sentencing on October 11, 2007 to a 3 month prison term to begin on November 9, 2007. His motion is without merit and should be denied.

**II. THE LAW:**

The bail dispute here turns on whether the defendants can show "that the appeal is not for purposes of delay and raises a substantial question of law or fact likely to result in . . . reversal . . . an order for a new trial . . . a sentence that does not include a term of imprisonment, or . . . a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1)(B) (emphasis added).

In United States v. Bayko, 774 F.2d 516, 522-23 (1st Cir. 1985), the First Circuit held that the "likely to result"

component of the test does not mean that the defendant must show that he is likely to win the appellate claim(s) at issue. Put another way, to grant bail, a district court need not conclude that it is likely to be reversed on appeal. Rather, a defendant must show, and the court must find, that (1) the appeal raises a substantial question of law or fact, and (2) if that substantial question is resolved in the defendant's favor on appeal, such a decision would likely lead to reversal, a new trial, or a dramatically reduced sentence. In other words, if a defendant can point to a "substantial" question, all he then has to show is that the error at issue is likely to be deemed prejudicial (and not harmless error). Bayko, 774 F.2d at 523.

Following the lead of several circuits, Bayko defines a "substantial question" as one that is "'close'" or that "'very well could be decided the other way.'" Bayko, 774 F.2d at 523. Bayko is still good law apparently. See United States v. Colon-Munoz, 292 F.3d 18, 20 (1st Cir. 2002) (citing Bayko and noting that "[t]he 'likely to result' standard is applied flexibly [and] a question that can be regarded as 'close' will often suffice" to justify bail). Bakyo also defines a "substantial question" negatively in the sense that questions are not "substantial" merely if they are (1) "'novel,'" (2) not the subject of "'controlling precedent,'" (3) "'undecided,'" or (4) "'fairly debatable.'" Moreover, Bayko makes clear that a district court

may not grant bail merely if there is a "'possibility of reversal.'" Bayko, 774 F.2d at 523.

**III. ARGUMENT:**

Defendant raises two issues that he claims constitute close questions.

a. Sufficiency of the Evidence

Defendant argues that the government did not adduce evidence sufficient to meet the materiality element of 18 U.S.C. §1001. However he relies on a misunderstanding of the definition of material. Contrary to what defendant states there is no need for actual reliance. A false statement must have had only the natural tendency to influence, or have been capable of influencing the agency. U.S. v. Dick and Giacomino, 744 F.2d 546, 553 (7th Cir. 1984). There was ample evidence as to how the SF-86 statement was capable of influencing the course of the background investigation.

b. Efficacy of Curative Instruction

Defendant argues that the Court's instruction to the jury to disregard a statement by the prosecution in summation was insufficient to prevent the jury from considering the remark in their deliberations and that the Court should have declared a mistrial.

A complaining party must show both misconduct and resulting prejudices. The test is "whether the prosecutor's misconduct so

'poisoned the well' that the trials outcome was likely affected, thus warranting a new trial." Because defense counsel timely objection to the misstatement the Court of Appeals will review for harmless error. U.S. v. Azubike ____ F.3d _____ 2007 WL 2745011 (C.A. 1)

The evidence was overwhelming that defendant was indeed employed by Wal-Mart during the period that he showed himself unemployed on his SF-86. That fact went uncontested by defendant. To the extent that there was any coherent defense it went not to the falsity of the statement in the SF-86 but to its materiality. The government's statement in closing that defendant had not told the truth about his employment at TSA to witness Vivian Logan, even if considered by the jury, would have added little to the element of falsity of the SF-86 for which there was already powerful credible evidence from the Wal-Mart employees and from Wal-Mart's lawyer. Given the tangential nature of the prosecution's statement it is all the more likely that the jury would have had no problem in obeying the Court's instructions to disregard the statement.

Neither of the grounds which defendant indicates he will raise on appeal are at all close nor could very well be decided the other way. Defendant's motion should be denied.

Respectfully submitted

UNITED STATES OF AMERICA
By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ ZECHARIAH CHAFEE
Zechariah Chafee
RI Bar No. 3364
Assistant United States Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
(401) 709-5000
(401) 709-5001
zechariah.chafee@usdoj.gov

**CERTIFICATION OF SERVICE**

On this 23rd day of October, 2007, I caused the within Government's Memorandum in Support of It's Objection to Defendant's Motion for Bail Pending Appeal, to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Kevin J. Fitzgerald
Federal Defender's Office
10 Weybosset Street, Suite 300
Providence, Rhode Island 02903

And Prepaid Postage to:

John L. Riccio
122 King Phillip Drive
North Kingstown, Rhode Island 02852

/s/ ZECHARIAH CHAFEE
Zechariah Chafee
RI Bar No. 3364
Assistant United States Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
(401) 709-5000
(401) 709-5001
zechariah.chafee@usdoj.gov